THE STATE OF MISSOURI *ex rel.*, ELIJAH ROBINSON PROSECU-
TING ATTORNEY FOR PIKE COUNTY, MISSOURI, Appellant,
*vs.* JAMES A. SANDERSON, COLLECTOR FOR SAID COUNTY, Res-
pondent.

1. *Practice, civil—Parties—Persons in interest.*—Courts are not organized to de-
cide abstract propositions of law, and the persons in interest must be brought
before the court.
2. *Railroads, subscription to—Bonds, taxes to pay interest on—County Court—
Railroad—The State as plaintiff.*—In a suit to enjoin the collector from col-
lecting taxes levied to pay the interest on bonds (alleged to be illegal) issued
to a railroad, the County Court, who issued the bonds and levied the tax, and
the railroad, should be made parties thereto. The State through its proper offi-
cers can bring such suits.

### *Appeal from Pike Circuit Court.*

*Elijah Robinson*, for Appellant.

I. The bonds were illegally issued, and were void. The law
required that the election should be conducted in accordance
with the law controlling general and special elections, then in
force. (Sess. Acts 1868, p. 92, § 1.) The election was not so
conducted. 1st. The order for an election undertook to pre-
scribe qualifications for voters, contrary to, and in direct vio-
lation of, the constitution of the State. (Art. 2, Const. §§ 3, 15,
16, 17, 18.) 2nd. The order for an election did not direct
that any notice should be given, and no notice of the election
was in fact given. (McPike vs. Pen, 51 Mo., 63.) 3rd. No
special registration was held prior to the election to ascer-
tain who should be entitled to vote. (44 Mo., 346; Sess.
Acts 1868, p. 136, § 18.) 4th. The election was fraudulently
conducted, and illegal votes were cast and received. 5th.
Two-thirds of the qualified voters voting at said election did
not vote in favor of making the subscription. (Sess. Acts
1868, p. 92, § 1; Const. Art. 11, § 14.) The power to subscribe
was a statutory power; and could be acquired only by a strict
compliance with the terms of the statute. (Stines vs. Frank-
lin county, 48 Mo., 167; City of St. Louis vs. Alexander, 23
Mo., 483; State vs. Saline County Court, 45 Mo., 242; Leav-

enworth & D. M. R. R. Co. vs. Platte County Court, 42 Mo., 171; State vs. Clark County Court, 41 Mo., 44; Fowler vs. St. Joseph, 37 Mo., 228; Walcott vs. Lawrence Co., 26 Mo., 272; Starin vs. Town of Genoa, 23 N. Y., 439; Gould vs. Town of Sterling, *Id.*, 456; Dillon Mun. Cor. § 108 and cases cited.)

They would be void into whosesoever hands they might come because the power to issue them had not been conferred upon the County Court. (Stines vs. Franklin county, 48 Mo., 167; Carpenter vs. The Town of Lathrop, 51 Mo., 483; Dill. Mun. Cor., §§ 424, 425, 426, and cases cited.) The County Court only possessed the power to initiate the proceedings by which the power to make subscriptions and issue bonds might be called forth,—that is to order an election. The power rests in the qualified voters, and in this case they did not, and under the order of the court could not have conferred the power, because they were not called upon to do so. The court, not having the power, should have asked the qualified voters to confer it, but, instead of doing so, they directed the order for an election to another class of persons—to a class possessing certain qualifications fixed by the court and not by the law.

II. The suit was properly brought. It is competent for the State, through its authorized officers, to institute this proceeding to restrain a public officer from collecting a tax which has been levied in violation of the constitution and laws of the State. (State vs. Saline County Court, 51 Mo., 350, and numerous cases there cited; High Injunc. § 747.)

III. The collector was the only necessary party defendant to this suit. He alone was undertaking to collect this tax, and his acts were alone immediately feared, and sought to be enjoined. No person else was doing or threatening to do any thing; and it would have been useless to have made parties defendants to the suit, whose acts were not complained of, and who were doing nothing which plaintiff sought to enjoin.

*Fagg & Dyer*, for Respondent.

I. The State of Missouri has no interest whatever either directly or indirectly in the result of the litigation, and this action cannot be maintained in the name of the State. (State vs. Parkville & Grand R. R. R., 32 Mo., 496; Sayre vs. Tompkins, 23 Mo., 443; State vs. Saline county, 51 Mo., 350, and cases cited.) This is not a proceeding by the State against either a public or private corporation, but it is against an individual simply.

II. The railroad company, as well as the County Court of Pike county, was a necessary party to the suit. (State vs. Callaway county, 51 Mo., 395.)

NAPTON, Judge, delivered the opinion of the court.

This is an application to the Circuit Court of Pike county to issue an injunction against Sanderson, the collector, prohibiting him from collecting certain taxes levied by the County Court to pay the interest on certain bonds issued by that Court on a subscription of $100,000 to the Clarksville & Weston R. R. Co. The suit is by the State through the circuit attorney.

The grounds, upon which the injunction is asked, are that the election, held under the order of court, upon the question of subscribing to the R. R. Co., was illegal, inasmuch as it allowed disqualified persons to vote, and disregarded the provisions of the second article of our constitution, and that, notwithstanding this illegal election, the court did subscribe $100,000 to the stock of the company, and issued bonds to pay this subscription, and levied a tax to pay them on the property of citizens of the township, where the vote was taken.

It is asked that the collection of this tax be prohibited or enjoined. A temporary injunction was granted, but, upon a motion to dissolve the bill, was dismissed.

The objections to this petition are, that the State is not a proper party, and that neither the County Court, who issued the bonds, nor the R. R. Co., to whom they were issued, were made defendants.

We do not question the right of the State through its proper officers to institute such a proceeding; but the County Court, who subscribed to the R. R. Co., and levied a tax to pay the bonds issued, ought to be heard, and the Railroad Company, to whom the bonds were issued and in whose possession they may be presumed to remain, ought to be heard. Neither are made parties defendant.

Courts are not organized to decide abstract propositions. The parties interested in the decision of the cause must be before the court on one side or the other.

In the Saline county case (51 Mo., 350) the County Court the clerk, and collector, were all made parties defendant. The main object of the bill in that case was to prevent the issue of bonds, and the point examined and decided was as to the validity of the subscription, and the result was the prevention of any further issue of bonds; the previous issue having been so inconsiderable as to elicit no attention on either side.

In this case the suit is not brought to restrain the issue of the bonds, and if it was, it would be clear that the County Court should be a party; but it is brought to prevent the collector from collecting a tax levied by the court, and which he is bound to collect by virtue of the obligations of his office.

The tax is said to be illegal, but the court, which ordered it, is not made a party defendant.

We may observe, that the irregularities set up in regard to the election would be no defense against the *bona fide* bondholders.

Judgment affirmed.　　The other judges concur.