JOHN MACKLER, Respondent, v. G. A. CRAMER, Appellant.

Kansas City Court of Appeals, November 9, 1891, and March 7, 1892.

1. **Fences :** DIVISION FENCE : ACTION. In a statutory action for double damages for failing to maintain a division fence, the plaintiff must show that the fence when divided was a lawful statutory fence.

2. **Practice, Appellate :** SECOND APPEAL. Where the case on the second appeal is unlike the one on the first, the second appeal must be decided on the case made in its abstract of record.

3. **Waiver :** COMPLAINT : STATUTORY REQUIREMENT. Though the complaint refers to the fence in question as a division fence, and the defendant concedes it such fence and the evidence refers to it as such, yet, as the complaint is under the statute, the plaintiff, to maintain the action, must show the fence conformed to the statutory requirement.

*Appeal from the Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*Cosgrove & Johnson* and *John R. Walker*, for appellant.

(1) The court erred in not giving instructions, numbered 1, 6, 7 and 9, asked by the defendant. All the evidence shows that at the time of the division this was not a lawful fence. Section 5652, Revised Statutes, 1879, prescribes what shall constitute a lawful fence. Section 5653 gives right of action for damages by stock breaking into an inclosure, "the fence being of the height and sufficiency aforesaid." Section 5654 empowers justices of the peace to appoint viewers to determine the "lawfulness of such fence." Section

5655 gives owners of stock double damages when injured by one whose field is not inclosed by a "lawful fence." Section 5656 provides how on demand a division fence, "the same being a lawful fence, as defined," etc., may be divided, and provides that any person, instead of paying one-half the value of the fence, shall have the option to build, within eight months, a "lawful fence" half the distance. Section 5657 provides that if the parties can't agree how the value of one-half of said fence may be ascertained. Section 5658 gives right of action for one-half the ascertained value of such a fence. Sections 5659 and 5660 point out how divisions for repair shall be made if owners can't agree, and section 5661, under which this action was brought, requires that such owner of a part of the division fence shall keep the same in good repair "according to the requirements of this chapter." When every preceding section of this chapter refers to a "lawful fence," certainly section 5661 must be held to refer also to a "lawful fence." *Noscitur a sociis.* *State v. Kelsey*, 89 Mo. 623; *Man v. Williams*, 70 Mo. 661; *Mackler v. Cramer*, 32 Mo. App. 542. (2) This is an action for double damages under the statute. The petition is based on the statute, and judgment was rendered for double the damages proven. To entitle plaintiff to succeed he must bring himself within the statute. There was not a scintilla of evidence on the part of plaintiff, that, when this agreement to divide the fence in controversy was made, the fence was a lawful fence; but on the other hand all the evidence discloses that, for a portion of the distance, there was no fence, and the balance of the distance it was not a lawful fence. We admit the proposition, that plaintiff could have sustained an action based on defendant's violation of this agreement, but it must be an action at common law for single damages under the agreement, and not an action under the statute for double damages. *Moore v. White*, 45 Mo. 206; *Sims v. Field*, 24 Mo. App.

557 ; *Kneale v. Price*, 29 Mo. App. 227 ; *Demetz v. Benton*, 35 Mo. App. 559 ; *Jeffries v. Burgin*, 57 Mo. 327 ; *Sims v. Field*, 74 Mo. 139.

*Draffen & Williams* and *D. W. Shackleford*, for respondent.

(1) This cause was before the court on a former appeal ( 32 Mo. App. 542), where it was reversed and remanded, on the sole ground of the refusal of the trial court to give defendant's instruction, numbered 3, which was the same as number 2, given in this trial. The cause was retried, in conformity with the decision of this court on the former appeal, and resulted in a finding for plaintiff. · Defendant has brought the case to this court again on the same pleadings and substantially the same evidence. The instructions given for the plaintiff on the present trial were the same as those complained of on the former appeal. There was no criticism of these instructions, when the case was here before. The only error causing the reversal was the refusal of the trial court to give one of defendant's instructions, and this was remedied on retrial. *Doan v. Railroad*, 43 Mo. App. 450 ; *Lally v. Cantwell*, 40 Mo. App. 44 ; *Steele v. Thompson*, 38 Mo. App. 312 ; *Leeser v. Boekhoff*, 38 Mo. App. 445. Appellant's whole argument is intended to show that there was no cause of action in favor of the plaintiff, under the evidence. The evidence was the same upon the former appeal. *Hayden v. Grillo's Adm'r*, 42 Mo. App. 1 ; *Belch v. Miller*, 37 Mo. App. 628. ( 2 ) The court did not hold on the former appeal, that, before a fence could be divided, under the statute, by mutual agreement of parties, the fence must conform to the procrustean standard urged by the appellant. If appellant's contention is correct, then the parties could not treat, as complying with the statutory requirements, a fence, and divide it by mutual agreement, unless every rail thereof

was exactly in place. This mile and one-fourth of fence between plaintiff and defendant could not have been divided, if there was a single rail off of a single panel thereof. This statute was intended for practical purposes, and should not be given any such harsh construction as appellant contends for. ( 3 ) Although a fence would have to be a lawful fence before there could be a compulsory division of it, yet the parties may waive this requirement and treat as a statutory division fence, one dividing their lands, even though it should not fulfill all the conditions of the statute. 2 Herman on Estoppel & Res Adjudicata, sec. 825 ; *Moore v. White*, 45 Mo. 206. ( 4 ) Both parties in the introduction of their testimony treated the fence as a statutory division fence, and the defendant by his instruction, numbered 4, tacitly admitted it to be such. Appellant must now stand or fall by the theory upon which he tried his case. *Walker v. Owen*, 79 Mo. 563 ; *Harris v. Hays*, 53 Mo. 90 ; *Bank v. Armstrong*, 62 Mo. 59 ; *Covey v. Railroad*, 27 Mo. App. 70 ; *Martinowsky v. Hannibal*, 35 Mo. App. 70 ; *Helling v. U. O. O. H.*, 29 Mo. App. 309.

ELLISON, J.—This case was here on a former occa sion, and will be found reported in 32 Mo. App. 542 The action is founded on a statement filed with a justice of the peace under the provisions of chapter 104, Revised Statutes, 1879, relating to division fences. At the first trial in the circuit court the case was accepted by defendant as presented by plaintiff; that is, defend ant treated and assumed the fence in question to be a statutory division fence. I have re-examined the abstract of the evidence and instructions at the first trial, and find this to be so. This court, therefore, treated the case on the former appeal as we found it, and disposed of it as it should have been. Now, however, it appears that defendant has at the second trial contested the sufficiency of the fence as a statutory

·division fence. Defendant claims that, as the action is based on the statute, sections 5056, 5661, Revised Statutes, 1879, the fence at the time of its division between the adjoining proprietors must be shown to have been a statutory division fence ; that is, 'a lawful fence as ·defined in section 5652. We believe this claim to be well founded. Our opinion is that, in a statutory action for double damages, the plaintiff to sustain himself must show the fence when divided was a statutory lawful fence. As to how such a fence may be built, divided or agreed upon, we said sufficient when the ·case was here before; but to support an action *based on the statute* it must have been, when divided, a lawful fence. This was not shown, and defendant's demurrer to the evidence should have been sustained.

Plaintiff contends that the cause was remanded when here before, for the reason that the trial court refused a certain instruction which was given on the last trial. That, as that was the sole ground of reversal, it was tantamount to an approval of all else in the former trial. Be this as it may, the case at last trial is, as before stated, altogether unlike the one now presented. In this we are, of course, governed by the abstracts filed in the respective appeals.

It is suggested by counsel that since the complaint refers to the fence as a "division fence" without setting out its height or other descriptions, and that since defendant concedes the complaint is a statutory complaint, and since all the testimony refers to the fence as a "division fence," that, therefore, the evidence sustains the complaint. We cannot allow this for several reasons: Chiefly, that, while the complaint speaks of the fence as a division fence, it shows beyond doubt that it is brought under the statute, and, to sustain it under the statute, the case must be as above indicated.

The judgment must be reversed. All concur.