DAVID H. HOPKINS, Appellant, v. JOHN L. OTT, Respondent.

Kansas City Court of Appeals, March 26, 1894.

Fences and Inclosures: AGREED PARTITION FENCE OUT OF REPAIR: IMPOUNDING HOGS. Where parties build a partition fence and agree that each will keep in repair a definite portion thereof neither can impound the stock of the other escaping on to his premises through his portion of the partition fence by reason of its bad repair; nor are their rights affected by the adoption in the county of the law restraining animals from running at large.

*Appeal from the Cole Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED AND REMANDED *(with directions).*

*Silver & Brown* for appellant.

(1) The stock law—*i. e.*, the one restraining the running at large of cattle, hogs, etc., in Cole county—applies only to highways, and does not relate to the interior economy or arrangement of farming lands. *O'Riley v. Diss*, 41 Mo. App. 184; *Shepherd v. Hess*, 12 Johnson (N. Y.), 433; *Cook v. Morea*, 33 Ind. 497. (2) Where hogs go onto plaintiff's lands by reason of a defect in an interior fence which he was bound to repair, he can not maintain trespass. Authorities *supra*. (3) Nor can he distrain in such case. *Sargent v. Appleton*, 6 Mass. 90, *loc. cit.*, 97 (*per* PARSONS, C. J.); *Little v. Lathrop*, 5 Me. 356. (4) But in this state a written agreement is not necessary, at least between the parties. *Kneale v. Price*, 26 Mo. App. 231; *Jacobs v. Mosley*, 91 Mo. 457; *Krider v. Milner*, 99 Mo. 145; *Guyer v. Stratton*, 29 Conn. 421; *York v. Davis*, 11

N. H. 241. (5) A partition fence may be established by private agreement, and the parties may respectively bind themselves to maintain definite portions of it, and the fact that there is a statute providing for the erection and apportionment of partition fences will not preclude the parties from controlling the matter by private agreement. *De Arcy v. Miller,* 86 Ill. 102; *York v. Davis,* 11 N. H. 241; *Jupper v. Clark,* 43 Vt. 200; *Knowe v. Wagner,* 16 Ind. 414. (6) The legislature could not affect antecedent contracts by the stock law act; it would be impairing the obligation of contracts. United States Const., art. 1, sec. 10; State Const., art. 2, sec. 15.

*W. S. Pope* and *C. Waldecker* for respondent.

(1) The plaintiff had no right to turn his hogs in his own field, knowing the same was not properly fenced. They could escape onto the lands of defendant, and from his lands to the lands of others, not fenced, and thereby damage and annoy a whole neighborhood. By provisions of section 358, Revised Statutes, 1889, it is not necessary for any person to fence against any of the animals enumerated, and it is in said section expressly declared that "it shall be no defense to any action or proceeding *brought or had,* that the party taking up such stock did not have his lands inclosed with a lawful fence." The appellant in this case seems to entirely ignore the real issue in the case—which is, did the defendant have a right to impound the hogs of the plaintiff when found outside of his inclosures, by complying with the statute in regard thereto? We cite especially for the consideration of the court sections 354, 358, 359, 367, 368; *Welch v. Railroad,* 26 Mo. 358. (2) There is no contention in this case that defendant ever removed his

fence. The agreed statement of facts is that after the adoption of the stock law, the defendant permitted his part of the fence to decay and get out of repair, so that plaintiff's hogs readily passed through. So the provisions of section 5043, Revised Statutes, 1889, could have no application here. It was the duty of plaintiff to have it repaired at defendant's expense. R. S. 1889, sec. 5042. There is no theory of law, right or justice in the case at bar, by which the plaintiff can justify himself in turning his hogs loose in a field when he knew that it was not inclosed so as to prevent their escape onto the lands of others.

ELLISON, J.—This is an action of replevin for hogs claimed by plaintiff. It was begun before a magistrate, where plaintiff had judgment. In the circuit court judgment was for defendant. The case was submitted to the circuit court on the following agreed statement of facts:

"1. That the law of this state, as contained in article 2, of chapter 5, of the Revised Statutes of 1889, restraining hogs and other animals mentioned therein from running at large, was adopted by an election of the voters of Cole county, Missouri, and went into effect on November 17, 1892.

"2. That prior to the going into effect of said stock law, there was an agreed division fence on the line, separating the land of plaintiff from that of the defendant; that, by agreement so made between plaintiff and defendant, the plaintiff was to maintain and to keep in proper repair (so as to prevent hogs and other animals passing through the same), a definite part of said fence, and defendant was to likewise maintain and to keep in repair the residue of said fence so separating their respective fields.

"3. That, before the bringing of this suit, and

after the adoption of said stock law in Cole county, Defendant Ott permitted his part of said fence to decay and get out of repair, so that plaintiff's hogs mentioned in the petition readily passed through defendant's part of said fence and entered on defendant's adjoining premises; and that defendant refused to repair said fence, though cognizant of its condition; and that the plaintiff had full knowledge of the fact that defendant's part of the fence was so out of repair when the hogs escaped onto defendant's premises.

"4. That defendant impounded said hogs, so escaping onto his premises as aforesaid, gave the notices and claimed the damages authorized by the provisions of the stock law, in order for plaintiff to recover them back, which damages plaintiff refused to pay, and brought this replevin suit, and is entitled to recover in this action, unless defendant rightfully impounded and detained the hogs under said stock law."

We take it that it sufficiently appears from the foregoing facts agreed to, that each of the parties hereto had their lands inclosed. It appears from the statement that the division or partition fence was agreed upon between them, and the portion which each should maintain was set apart. In other words, there was a division or partition fence established by agreement. We are of the opinion that the provisions of the stock law restraining animals from running at large do not prevent such arrangements between adjoining proprietors; nor, if such arrangements are made between such proprietors before the adoption of the stock law of Cole county, its adoption will not have any effect upon the prior arrangement or agreement. If the agreement is to be annulled, it must be by some act of one or both of the parties.

No reason exists why, notwithstanding the stock

law, adjoining proprietors may not fence their premises and maintain partition fences by mutual agreement. If they do, in such manner as was done here, neither can recover from the other for damages occasioned by intruding stock of one of them where the intrusion is the result of the fault of the complaining party; nor could either party under such circumstances, impound the cattle of the other under the provisions of the stock law.

This case then being unaffected by the stock law referred to, it amounts to this: That plaintiff and defendant agreed upon a division fence, and upon the portions that each should keep up and maintain. In such case either owner may turn his stock into his own fields, and, if they escape into the fields of the other, on account of a defect in the portion of the fence which that other should have maintained under the agreement, he can not complain, since the injury is the result of his own fault. *O'Riley v. Diss*, 41 Mo. App. 189; *D'Arcy v. Miller*, 86 Ill. 102; *York v. Davis*, 11 N. H. 241; *Tupper v. Clark*, 43 Vt. 200. In the first of these cases, *Mackler v. Cramer*, 32 Mo. App. 542, is inadvertently cited as sustaining this rule. That case was, as shown by the statement therein, a statutory action for double damages, based on the statute as to partition fences. In approving an instruction, at pages 551, 552, we, in effect, held that, if there was no partition fence, and had been none, but merely an agreement to build one, the plaintiff had not made out the case under the statute. See, also, same case, 48 Mo. App. 378.

The judgment will be reversed and cause remanded, that judgment may be rendered for plaintiff. All concur.