Field v. Bogie.

---

D. B. FIELD, Respondent, v. D. K. BOGIE, Appellant.

Kansas City Court of Appeals, November 22, 1897.

**Fences and Enclosures:** AGREED PARTITION FENCE OUT OF REPAIR: IMPOUNDING HORSE: ANIMALS.    Where parties build a partition fence and agree that each will keep in repair a different portion thereof, neither can impound the stock of the other escaping onto his premises through his portion of the partition fence by reason of its bad repair; nor are their rights affected by the adoption in the county of the law restraining animals from running at large.

*Appeal from the Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Martin E. Lawson* for appellant.

(1)   This is admitted to be a statutory partition fence.   Defendant need not repair so as to make it hog tight, the stock law being in force.   R. S. 1889, sec. 5042; *Mackler v. Cramer*, 32 Mo. App. 542, 548.

*D. C. Allen* for respondent.

(1)   In order to justify his restraint of the hogs under article 2, chapter 5, Revised Statutes 1889, it was necessary for appellant to show either that the hedge was a lawful fence or that the hogs were illegally at large.   He did neither and the judgment should be affirmed.   *Mackler v. Schuster*, 68 Mo. App. 670.   (2) Their rights were not affected by the adoption of the stock law by the voters of Clay county.   The adoption effected no repeal of chapter 104, Revised Statutes 1879. *Hopkins v. Ott*, 57 Mo. App. 292, 295, 296; *McNeer v. Boone*, 52 Ill. App. 181; *Selover v. Osgood*, 52 Ill. App. 260.   The case of *Hopkins v. Ott*, 57 Mo. App. 292, is decisive of this case in favor of respondent.

GILL, J.—This is an action in replevin for the recovery of some hogs.   The litigants own and occupy adjoining farms in Clay county where the "stock law" (R. S. 1889, ch. 5, art. 2), is in force.   Along the line dividing the two farms, there is, and had been for many years, a partition fence, which the parties by agreement had divided into two parts, each undertaking to maintain and keep in repair his respective portion.   Defendant's part of this partition fence was a hedge, which, although high enough to resist horses and cattle, was yet insufficient to keep out hogs; there were spaces and gaps through which swine could readily pass.

The hogs in question—and which are conceded to belong to plaintiff—passed through this insufficient fence into the defendant's premises; he proceeded to impound and restrain them, and plaintiff brought this action.

On a trial by the court without a jury plaintiff had judgment and defendant appealed.

This controversy is in every substantial particular like that of *Hopkins v. Ott*, 57 Mo. App. 292. As in that case, there was a partition fence by agreement of the adjoining landowners, and to each was assigned a portion of the fence which he undertook to maintain and keep in repair. But because of defendant's failure to maintain a fence sufficient to keep out stock, plaintiff's hogs escaped from his premises and passed through this inferior fence onto the premises of the defendant. According then to the doctrine of the case above cited, defendant could base no right to impound plaintiff's hogs which escaped into his (defendant's) field when said escape was caused by defendant's failure to comply with his agreement.

As was said by this court, speaking through Judge ELLISON in the case cited, we repeat "that the provision of the stock law restraining animals from running at large do not prevent such arrangements between adjoining proprietors. * * * Plaintiff and defendant agreed upon a division fence, and upon the portion each should keep up and maintain. In such case either owner may turn his stock into his own fields, and if they escape into the fields of the other, on account of a defect in the portion of the fence which that other should have maintained under the agreement, he can not complain, since the injury is the result of his own fault." See, also, *Selover v. Osgood*, 52 Ill. App. 260; *D'Arcy v. Miller*, 86 Ill. 102.

The authorities cited are decisive of the case at bar. The judgment of the circuit court is clearly right and will be affirmed. All concur.