Gilmore v. Harp.

---

H. G. GILMORE, Appellant, v. J. R. HARP, Respondent.

**St. Louis Court of Appeals, February 4, 1902.**

| 92 | 77 |
| p92 | 388 |
| 92 | 389 |

1. **Stock Law: IMPOUNDING ANIMAL: FENCE.** Where the incursions of defendant's animals upon plaintiff's premises occur because of his failure to build and maintain a fence according to an agreement with defendant, the plaintiff can not impound the animals under the stock law.

2. **Practice, Trial: PRACTICE, APPELLATE.** A finding of fact in an action at law is not properly reviewable on appeal when no exception to the finding was taken in the trial court.

Appeal from Christian Circuit Court.—*Hon. James T. Neville,* Judge.

REVERSED AND REMANDED.

*S. E. Bronson* and *Gideon & Gideon* for plaintiff.

(1)   It is not necessary that a division fence in fact must exist to take the case'out of the operation of the stock law, but all that is necessary is for the parties to agree on one, which the law permits and will enforce.   Hopkins v. Ott, 57 Mo. App. 292; Field v. Bogie, 72 Mo. App. 185.   Plaintiff's contention in the court below, and now, is, that the stock law was not legally adopted in Porter township, for the reason the petition has no allegations that at least one hundred of the petitioners were householders of the respective townships, and not less than ten from any one of said townships, nor that said townships were in one body, nor when the election petitioned for should be held, or when they desired to vote, and the county court had no jurisdiction to order the election, and all of the subsequent proceedings were *coram non judice* and void.   Section 4788, R. S. 1899; Jefferson County v. Cowan, 54 S. C. 234.

BARCLAY, J.—This is a statutory action in the nature of replevin begun before H. S. Evans, a justice of the peace in Porter township, Christian county, Missouri, to recover possession of certain hogs.   The case reached the circuit court of that county where it was tried anew.

The substance of the controversy is this:

"In 1898, these parties were owners of adjoining farms in Porter township, and then entered into a contract to build a division rail fence on the line between their farms, and plaintiff employed the defendant to build his half of the fence, which he did and received his pay of plaintiff.   The defendant only partly fulfilled his agreement to build the other half of this fence; he hauled the rails but only put up a few panels of the fence as agreed, and never completed it, so that plaintiff's hogs escaped from a pen on his own premises and passed onto defendant's premises over that portion of the dividing line which defendant had failed to fence, and defendant impounded

them, and claims the right to hold them under the stock law, which he alleges is in force and governs this case."

The cause was fully heard by the learned trial judge, a jury having been waived. At the close of the testimony, the following findings of fact were made on which the court entered judgment for defendant, viz.:

"The court finds that the stock law, the law restraining hogs from running at large, was adopted in Porter township, Christian county, Missouri, by the general election in 1896, that notice was duly given thereof to the people, and that the same is and was in force at all the times mentioned by the evidence in this controversy.

"The court further finds that early in 1898, the plaintiff and defendant, who were adjoining proprietors in Porter township, made an agreement to and with each other for the erection, of a division fence; that plaintiff at the time duly erected his portion of said fence; that the defendant failed to erect his portion up to the time of the trespass upon which this action arose, and that the stock escaped onto defendant's premises through and over that portion of the dividing line which the defendant had failed to fence. At no time from the adoption of the stock law to the time of the taking of the hogs by the defendant, was there any completed fence over one-half of the dividing line between them; at the time of the trespass of the hogs the plaintiff's portion of the fence was down in two places, one place caused by himself and one by defendant. The hogs escaped from a pen on plaintiff's premises and were not intentionally turned onto his field adjoining defendant. A short time prior to the trespass plaintiff requested defendant to put up his portion of the fence. Defendant had previously hauled rails along the line but had not put them up, except a few panels."

After the judgment was rendered on the foregoing facts found by the court, the plaintiff moved for a new trial in due

time, without success, and then took this appeal in proper form.

1.  It is claimed that the learned trial judge erred in finding as a fact that the stock law (R. S. 1899, secs. 4777, 4788) restraining hogs from running at large, was adopted in Porter township in 1896.  But no exception was preserved to that finding and we can not properly review it.  R. S. 1899, secs. 695, 864.

2.  It is manifest from the findings that the animals entered defendant's premises because of the absence of a suitable fence (along the line dividing the fields of the plaintiff and defendant) to bar the incursion of those animals, and that the absence of that fence was due to the defendant's own failure to comply with his agreement to build and maintain a fence along that line.  The invasion of defendant's premises is therefore ascribable to the fault of defendant, and he can not assert a right to impound said animals under the stock law in such circumstances as has been positively decided.  Hopkins v. Ott, 57 Mo. App. 292; Field v. Bogie, 72 Mo. App. 185.

On the authority of those decisions, the judgment is reversed and the cause remanded for a new trial.  *Bland, P. J.*, and *Goode, J.*, concur.