Gilmore v. Harp.

H. G. GILMORE, Appellant, v. J. R. HARP, Respondent.

**St. Louis Court of Appeals, February 18, 1902.**

1. **Circuit Court: WHEN RECORD CAN BE AMENDED.** The record of a circuit court may be amended to conform to the truth where evidence thereof exists in a written memorandum of the clerk.

2. ———: **NUNC PRO TUNC ENTRY, WHEN CAN BE MADE: NEW TRIAL: MOTION.** Where a motion for new trial has been indorsed as filed but no minute or entry of the filing has been made of record, the omission may be corrected, on motion, by an order to that effect *nunc pro tunc*, at the next term of the court.

3. **On the merits of this case the court follows Gilmore v. Harp, 92 Mo. App. 77.**

Appeal from Christian Circuit Court.—*Hon. James L. Neville,* Judge.

REVERSED AND REMANDED.

*S. E. Bronson* and *Gideon & Gideon* for plaintiff.

We do not understand that an actual division fence in fact is necessary to take the case out of the operation of the stock law, but that the agreement to build and maintain one is all that is required, and if the defendant failed to comply with his agreement and build his part, he is guilty of contributory negligence; he invites the trespass, injury, and damages and can not complain or shield himself behind the stock law.    Field v. Bogie, 72 Mo. App. 185.    Hopkins v. Ott, 57 Mo. App. 292.

BARCLAY, J.—This is an action for specific personal property, namely: a lot of hogs, admitted to belong to plaintiff.    The defense is that the hogs escaped from plaintiff's

premises, adjoining those of defendant, and that defendant lawfully detained the animals by authority of the law (R. S. 1899, secs. 4777, 4791) for the restraint of such animals in Porter township, Christian county, where the controversy and the suit arose. The learned circuit judge made a finding of facts at the trial before him (a jury having been waived) March 6, 1900, and on the facts found the court entered a general verdict for defendant, assessing his damages at two dollars, defining defendant's interest in the property at that amount. Whereupon judgment to that effect was rendered and plaintiff took an appeal in due form.

The finding of facts discloses the material features of the litigation as follows:

"The court finds that the stock law, the law restraining hogs from running at large, was adopted in Porter township, Christian county, Missouri, by the general election in 1896; that notice was duly given thereof to the people, and that the same is and was in force at all the times mentioned by the evidence in this controversy.

"The court further finds that early in 1898, the plaintiff and defendant, who were adjoining proprietors in Porter township, made an agreement to and with each other for the erection of a division fence; that plaintiff at the time duly erected his portion of said fence; that the defendant failed to erect his portion up to the time of the trespass upon which this action arose and that the stock escaped onto the defendant's premises through and over that portion of the dividing line which the defendant had failed to fence. At no time from the adoption of the stock law to the time of the taking of the hogs, by the defendant, was there any complete fence over one-half of the dividing line between them; at the time of the trespass of the hogs the plaintiff's portion of the fence was down in two places, one place caused by himself and one by defendant. The hogs escaped from a pen on plaintiff's premises and were not intentionally turned onto his field adjoining

defendant. A short time prior to the trespass, plaintiff requested defendant to put up his portion of the fence. Defendant had previously hauled rails along the line but had not put them up, except a few panels."

The plaintiff in this action excepted at the time to the finding of fact touching the adoption of the stock law in Porter township, aforesaid.

1. In all substantial particulars, except one to be noted later, this cause presents the same state of facts considered by this court in Gilmore v. Harp, decided heretofore at this term (92 Mo. App. 77). The rulings on that appeal indicate that the above-mentioned difference in the records of the two appeals is not such as to require the application of other principles than those adjudged to control the former case.

2. A distinctive phase of the case at bar is found in the order for an entry now for then by which the motion for new trial was placed in position to be acted on by the circuit court. It appears by the record of proceedings brought here by the bill of exceptions, that the motion for new trial was filed in the clerk's office of the circuit court March 10, 1900, at the February term, and that a memorandum of the fact of filing was indorsed at the time on the paper which contained the motion. But, by an oversight, no entry or minute of the fact of the filing of said motion was placed on the record or minute book of the proceedings of said court. Afterwards, at the August term, 1900, on formal application, the court ordered that an entry of the filing of said motion be placed on the record of the court proceedings as of the day when the memorandum of the clerk of the court showed said filing to have taken place.

It is well-settled law that the record of a circuit court may be amended to conform to the truth in this manner where the evidence of the fact to be shown exists in such a written memorandum as here appears. The action of the learned

trial court in this particular was entirely correct.  Ross v. Railroad, 141 Mo. 390.

For the reasons given in the opinion in the other case of Gilmore v. Harp (above cited) the judgment in this action is reversed and the cause remanded for a new trial.  *Bland, P. J.,* and *Goode, J.,* concur.