JULIUS COTTON, Respondent, v. H. E. HUSTON, Appellant.

**Kansas City Court of Appeals, December 19, 1904.**

**FENCES AND INCLOSURES: Division Fences: Evidence: Peremptory Instruction.** On the evidence a peremptory instruction to find for the plaintiff is sustained.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan*, Judge.

AFFIRMED.

*Shain & Barnett* for appellant.

(1) Division fences or "inside fences" are not necessarily partition fences. Our courts have repeatedly held that one can protect himself by building along a division line a lawful fence. Demetz v. Benton, 35 Mo. App. 559; Fenton v. Montgomery, 19 Mo. App. 158. (2) The court committed error in giving peremptory instruction in nature of a demurrer directing the jury to find for plaintiff. There were several questions of fact in evidence that should have been submitted to the jury under proper instructions. Oriley v. Diss, 41 Mo. App. 189. There are no such covenants shown to exist as create an agreement for a partition fence. Mackler v. Cramer, 32 Mo. App. 542.

*Cashman & Bohling* for respondent.

(1) The evidence conclusively shows that the cattle broke through an unlawful partition fence, and that part of the fence which the defendant was bound to keep in repair. Hopkins v. Ott, 57 Mo. App. 292; Field v. Bogie, 72 Mo. App. 185. (2) If the defendant is entitled to any damages by reason of the cattle breaking into his corn field Mrs. Decker, the owner of the pasture, and not the plaintiff, is liable to him. Raddick v. Newburn, 76 Mo. 423. (3) The court did not err in giving the peremptory instruction. The uncontradicted evidence shows, and defendant by his answer admits that his corn field and the Decker pasture were divided by a partition fence. (4) Where cattle break into the defendant's land by reason of a defect in an interior fence which he was bound to repair, he can not claim damages for the injuries done to his crop. Authorities supra.

SMITH, P. J.—Action in replevin. The case disclosed by the evidence contained in the record may be stated in about this way: The plaintiff's inclosure was separated from that of the defendant by a division fence, something like 200 rods in length, which had been constructed nearly twenty years previously under an agreement between the three adjoining landed proprietors to the effect that the one under whom plaintiff claimed would construct and maintain the north one hundred rods of said fence, and the other, under whom defendant claimed, would construct and maintain the south one hundred rods thereof. It appears that the fence was constructed of posts and three strands of wire stretched and fastened with staples to such posts. It further appears that the north one hundred rods of the fence was thrown down by defendant for a considerable distance and at other places therein was allowed to get out of repair so that it was wholly insufficient

to turn stock of any kind. The plaintiff turned into his inclosure upwards of one hundred head of cattle, of which he was the owner, to graze on the grass thereon growing, and while there they broke through that part of the division fence which the defendant was bound to maintain, and entered his inclosure, damaging his growing crop of corn. The defendant drove all of them out except three head which he detained for the damage that had been done to his growing crop of corn. The plaintiff brought this action of replevin to recover possession of the same. There was a trial and at the conclusion of the evidence which, with little or no contradiction, tended to prove the facts in substance as already stated, the court gave for plaintiff a peremptory instruction telling the jury that under the pleadings, stipulations and evidence to return a verdict for plaintiff for $100—the agreed value of the cattle which the defendant had disposed of and did not have in his possession. The judgment was given accordingly, and defendant appealed.

In view of the law as declared by us in several analagous cases, we do not think the propriety of the action of the court in giving said instruction is open to question. [O'Riley v. Diss, 41 Mo. App. 184; Hopkins v. Ott, 57 Mo. App. 292; Field v. Bogie, 72 Mo. App. 185; Jackson v. Fulton, 87 Mo. App. 228.] To add anything to what is said in these cases would be supererogative.

The judgment will be affirmed. All concur.