SCHOOL DISTRICT No. 24 OF ST. LOUIS COUNTY, known as LAKE SCHOOL DISTRICT: RAYMOND BURKHARD, J. EDW. KRAM and W. O. FROMMER, as Taxpayers of St. Louis County and as Officers and Members of the School Board of said LAKE SCHOOL DISTRICT of the County of St. Louis, Appellants, v. MARTIN L. NEAF, as County Assessor of St. Louis County; WILLIS W. BENSON, Collector of St. Louis County; MAURICE DWYER, County Treasurer of St. Louis County.—148 S. W. (2d) 554.

Division One, March 13, 1941.

*Joseph T. Davis* for appellants.

*Lashly, Lashly, Miller & Clifford, C. W. Detjen* and *Edwin F. Vetter* for Martin L. Neaf, Assessor of St. Louis County; *William J. Becker* for Maurice Dwyer, County Treasurer; *Walter Wehrle* for Town School District of Clayton; *Glen Mohler* for City of Clayton.

*A. U. Simmons* for Willis W. Benson, Collector, etc., and City of Brentwood.

CLARK, J.—Appeal from Circuit Court of St. Louis County. The plaintiffs (appellants) are School District No. 24 (a common school district), and the three directors of that district who sue in their capacity as directors and also as taxpayers. The defendants named in the petition are the following officers of said county: Neaf, the Assessor, Benson, the Collector, and Dwyer, the Treasurer. By leave of court others were permitted to intervene as defendants, to-wit: City of Clayton, Town School District of Clayton, and City of Brentwood. The petition, so far as pertinent here, states: that the St. Louis County Water Company is a privately owned corporation, selling water to various municipalities, industries and persons in said county; that its pumping and distributing plant and reservoirs are located in

the plaintiff school district; that its mains, pipes, conduits and hydrants, used in transporting water to various parts of the county, are attached to and a part of the company's plant, appurtenant to the land upon which the plant is situate, and a part of the realty; that the defendant county officers have treated and will continue to treat such pipes, conduits, etc., as personalty for taxation purposes by virtue of an Act of the General Assembly found in Session Acts of 1937, pages 545-547, the same being an amendment to Section 9977, Revised Statutes 1929 (Mo. Stat. Ann., sec. 9977, p. 8015); that said Act of 1937 is unconstitutional for certain stated reasons; that if such property is treated as personalty for taxation purposes, the plaintiff district will be deprived of a large sum in taxes and the same will be distributed among the districts and municipalities where such pipes, conduits, etc., are located; the petition prays that the Act of 1937 be declared unconstitutional and defendants be restrained from treating such property as personalty for taxation purposes.

The Act of 1937 reads as follows:

"All mains, pipes, meters and other equipment, constituting parts of a single, common or unified distributing system for supplying water or gas to two or more incorporated municipalities, belonging to any water company or gas company, firm, corporation, association or persons shall be treated, for tax purposes, as personal property and shall be taxable as such where situated."

The defendants, in their returns to the order to show cause why an injunction should not issue and in their answers, among other defenses, alleged a defect in the party defendants. After trial on the merits, the chancellor entered a decree for defendants, refused to issue an injunction, and ordered the petition of plaintiffs dismissed. Plaintiffs have appealed.

In this court the defendant county officers have raised the additional objection that there is a fatal defect of parties plaintiff; that is, that on the face of the petition the plaintiffs have no right to maintain this action. This point, as well as the alleged defect in the parties defendant, has been ably briefed by both sides; and, in our view, these are the only questions necessary for us to consider.

As to the right of plaintiffs to maintain the action, respondents state their position as follows: "It appears from the record herein that plaintiffs (appellants) do not own the property affected by the tax in question. A bill for an injunction to restrain the enforcement of an alleged illegal tax can be maintained only by one whose own property is affected by the tax, no one being permitted to enjoin the collection of taxes assessed against another."

Respondents cite the case of Robins v. Latham, 134 Mo. 466, 36 S. W. 33, and cases from the courts of other states. In Robins v. Latham, the plaintiff alleged that a levee district had been illegally organized; that it had illegally collected a tax from plaintiff and

other taxpayers and prayed that the treasurer be enjoined from making disbursement. This court said that the petition did not allege the amount of tax paid by plaintiff and thus failed to show that he would sustain a substantial injury; also that the petition failed to show that plaintiff had paid the tax under duress. For these reasons this court refused injunctive relief to plaintiff. We fail to see how that case supports respondents' contention in the instant case. Here the plaintiff is not trying to restrain the assessment of taxes against, and the payment of taxes by, the St. Louis County Water Company. The real purpose of the instant action is to prevent disbursement of taxes paid by the water company to municipalities and school districts other than School District No. 24. Our statutes confer upon school districts the power to sue and be sued. The plaintiff district has a substantial interest in preventing taxes which rightfully belong to it from being paid to other districts. It has just as much interest in that question as it would in preventing property belonging to it from being taken and used by other districts. Also, individual taxpayers in District No. 24, if they allege and prove substantial injury, are proper, but not necessary, parties to restrain the disbursement outside the district of taxes which should be paid to the district. We hold that the record does not show a defect of parties plaintiff.

Is there a defect in the parties defendant? It seems to us that the same reasons, which give the right to plaintiff school district to bring this suit, give the right to defend it to all other school districts and municipalities into which the mains, pipes, etc., of the water company run. If this property is taxed as realty, the taxes go to the plaintiff school district; if it is taxed as personalty, the taxes go to the districts and municipalities where the property is located.

State ex rel. School District v. Neaf, 344 Mo. 905, 130 S. W. (2d) 509, was a mandamus suit between substantially the same parties as those in the instant case. There the plaintiff sought to have the same statute declared unconstitutional and to compel the assessment of the same property as realty in School District No. 24. We said: "On the record the Lake School District is the only complainant. If relator, the Lake School District, is directly interested in the taxation of said property as a part of the real estate of the company, by the same token the many municipalities and school districts in St. Louis County are, directly interested in the taxation of said property where located."

32 Corpus Juris, page 296, sec. 477 (2), speaking of parties in injunction suits, says: "Under the general rule all persons whose interests will necessarily be affected by the decree, or without whose presence a complete settlement of the questions involved in the action could not be attained, are, of course, properly joined as defendants.

So also persons without whose joinder no effectual decree can be rendered in plaintiff's favor are indispensable parties, since the court ought not to interfere at all except in a mode which would be effectual for the purpose of the decree. Also, under another general rule of equity practice, all persons not joined as plaintiffs who have an interest in the controversy, presented by the bill of such a nature that any decree completely adjudicating the rights of those before the court must necessarily affect the rights of the former, are indispensable parties without whom the court cannot lawfully proceed."

47 Corpus Juris, page 87, sec. 174(2) ". . . A person who has an interest in the subject matter in litigation of such a direct and immediate character that it would be legally affected by a judgment rendered in the case is a necessary party defendant, as is, also, a person who has a right to litigate over again in a new proceeding the same questions involved in the case, . . ."

In State ex rel. v. Sanderson, Collector, 54 Mo. 203, injunction was sought to restrain the collection of taxes levied to pay the interest on bonds issued to a railroad. This court held that the county court, who issued the bonds and levied the tax, and the railroad were necessary parties.

Appellants argue that the only necessary defendants are the officials charged with the duty of assessing and collecting taxes; that the various school districts and municipalities are not charged with any duties which could be enjoined by this action.

Appellants' argument on this point is answered, in principle, by the authorities which we have already cited. It is answered directly by the opinion of the St. Louis Court of Appeals in the case of School District No. 4 v. Smith, 90 Mo. App. 215. That was a suit by a school district against a county clerk to declare illegal and void certain proceedings looking to a change of boundary between two school districts and to restrain the transfer of school taxes of certain taxpayers from the plaintiff district to another district. The trial chancellor sustained a demurrer to the petition. The Court of Appeals held that injunction was the proper remedy, but sustained the ruling on the demurrer, saying:

"The sixth and last ground of demurrer, to-wit, 'that there is a defect of parties defendant in that school district number eight is a necessary party,' presents a more difficult question for solution. No restraining order or judgment is asked against the district or its officers and no such judgment or order can be directly rendered against the district or any of its officers. The sole relief prayed for is to enjoin the defendant from performing certain official acts which can be performed by none other than defendant as clerk of the county court; but the defendant has no interest in the subject-matter in controversy while the district has, and should the defendant be enjoined, the injunction would operate through him upon the district

as much so as if it were a party to the proceedings and the district would be effectually deprived of the benefits it would otherwise derive from the disputed territory as though the decree was in terms directed against it and its officers. [High on Injunctions (3 Ed.), sec. 1551.] In A:, T. & S. F. Ry. Co. v. Wilhelm, 33 Kan. 206, it was held that, 'Where an action is brought against the sheriff and treasurer of a county to restrain the collection of taxes levied by a school district for building and library funds upon the ground that the levies are excessive, a final injunction would not be granted until the officers of the school district directly interested in the collection of taxes are made parties defendant.' To grant the relief prayed for would be as effectual against the school district as though it were a party to the proceedings and it would thus be deprived of its rights without the opportunity of being first heard. This is opposed to the fundamental principles of the law. [State ex rel. Lemon v. Buchanan Co. Board of Eq., 108 Mo. l. c. 241.] We, therefore, hold there was no error in sustaining the demurrer and affirm the judgment.''

We hold that the municipalities and school districts in which are located the mains, pipes, etc., of the water company are necessary parties to a complete determination of the issues herein.

It would seem that the reasons which make it necessary to bring in as defendants the various school districts and municipalities would also make it necessary to bring in the St. Louis County Water Company as a defendant. This taxpayer has a direct and substantial interest in the result of this litigation. If its property is treated as realty, it will pay taxes at a low rate, only in the plaintiff district where no high school is maintained and there is no municipality. If such property is treated as personalty, portions of it will be assessed at higher rates in some of the districts and other portions will be subjected to the additional burdens of municipal taxes. Appellants' brief shows that the pipes, mains, etc., of the water company extend into some forty-two school districts and eighteen cities and towns, and the assessed valuation thereof as personalty is more than two million dollars.

As the parties necessary for a complete determination of the issues herein are not before the court, we do not pass upon other points contained in the briefs.

Accordingly, the decree of the chancellor dismissing the petition is hereby reversed and the cause remanded so that plaintiffs, within a reasonable time to be fixed by the chancellor, may amend their petition and bring in new parties defendant if they so desire. All concur.