**MIRAX CHEMICAL PRODUCTS CORP.**

v.

**TARANTOLA et al.**

No. 28600.

St. Louis Court of Appeals.

Missouri.

May 18, 1954.

Ludwig Meyer, Clayton, for appellants.

Flynn & Parker, Norman C. Parker, St. Louis, for respondent.

WOLFE, Commissioner.

This case originated as two separate actions, in both of which the plaintiff sought injunctions against the defendants. The two suits were consolidated and tried as one. There was a decree for the plaintiff from which the defendants prosecute this appeal.

The consolidated cause was tried upon an agreed statement of facts, which is in substance as follows:

The Mirax Chemical Products Corporation, in 1942, purchased the northwest part of a tract of land belonging to the General Material Company. The grantor gave with the title the right to use a railroad siding which cut across the northeast portion of the entire tract. The purchaser was also granted an easement over the property to the south so that it could have ingress and egress to Fyler Avenue, which runs along the southern boundary. This easement was over a concrete driveway 20 feet wide. In addition· to this, there was an easement granted for power lines and gas mains over the property to the south of that purchased by the plaintiff.

The plaintiff established a place of business where it engaged in the manufacture of metal containers. It used the driveway for travel by motor vehicles to and from its plant. It was served with power from a line extending northwardly to the plant from Fyler Avenue and traversing the property to the south of the plaintiff's in a line about 35 feet east of the driveway. It also received its water supply from a 6-inch water main which crossed the property to the south of its plant, and the meter for the water supplied to it was located on the property to the south.

In 1948, the defendants purchased from the General Material Company a tract of land consisting of the south portion of the property and a strip to the east of that which the plaintiff owned. They also were granted an easement over the driveway. The water main and the power line were on the property at the time they made their purchase.

The defendants, who were engaged in the general hauling business, erected a brick building flush with the east line of the driveway. In order to do this, they requested the power company to move the poles which crossed the land where they desired to build. The power company, without the defendants directing where the poles should be placed, relocated them so that they are in a line parallel to the east line of the driveway except for one which was placed in front of the defendants' building and is 19 inches within the driveway easement.

The defendants', building was constructed so that the downspouts from the roof drained onto the concrete driveway and caused it to be wet at times and at times covered with ice. The defendants connected to the water main which had but one meter. The water that both the defendants and the plaintiff used was charged to Mirax Chemical Products Corporation and when plaintiff sought to collect from the defendants their share of the bill a dispute arose and the defendants threatened to shut off the plaintiff's water supply. This resulted in one suit for an injunction.

The defendants also removed part of the railroad spur and raised the grade so that water drained on the portion used by the plaintiff. This caused an increase in the cost of maintaining the track which the plaintiff used.

In addition to the agreed statement of facts, photographs of the property were also introduced in evidence.

The court found for the plaintiff on all counts presented, and enjoined the defendants from interfering with the water supply; it directed the removal of the downspouts; it ordered the restoration of the tracks to the condition that they had been in previously; and it directed that the poles for the power line be replaced in their original position of defendants' property

and prohibited any interference with the free use of the driveway.

The plaintiff filed a motion to dismiss the appeal upon the ground that the defendants' motion for a new trial was not filed within the time prescribed by statute and that this court is therefore without jurisdiction to pass upon the issues raised by the appeal. We overruled that motion but the plaintiff in its brief continues to raise the point.

The record discloses that the decree of the court was entered on the 27th day of February, 1952, and that on the 1st of April, 1952, a document captioned "Statement of Facts" was filed by Arthur U. Simmons, who was at that time attorney for the defendants. This document stated in effect that on March 4 the attorney mailed defendants' motion for a new trial to the judge who tried the case and a copy of the motion to opposing counsel; that on March 31 the attorney received a phone call from the clerk of the division stating that he had just received the motion from the judge and that the time for filing it had passed; that this was the first notice that the defendants' attorney had that the motion had not been entered of record. On the day the above document was filed the court made the following entry: "On court's own motion, defendants' motion for new trial filed nunc pro tunc as of March 5, 1952."

This order was an after-judgment order from which the plaintiff should have appealed if it was aggrieved, but since it urges that the record precludes us from considering the appeal, it seems that the court's reason for overruling the motion should be stated.

■■ The plaintiff contends that the act of depositing the motion for a new trial in the mail addressed to the judge did not constitute the filing of it. This is a correct statement of the law as it relates to the filing of motions, for there must be an acceptance of the instrument for the purpose of filing it by the proper officer. Byers v. Zuspann, Mo.App., 257 S.W.2d 384; St.

Louis Law Printing Co. v. Aufderheide, 226 Mo.App. 680, 45 S.W.2d 543. The fact that the motion was mailed to the judge instead of the clerk is of no consequence, for the judge may permit the filing of such papers with him in accordance with Section 506.100, subd. 5, RSMo 1949, V.A. M.S.

■■ The judge may also by an order nunc pro tunc let the record show the true filing date of the motion where, by some oversight, no minute of the fact of the filing was made by the clerk. Gilmore v. Harp, 92 Mo.App. 386. There must be evidence of the true filing date of the motion, such as a memorandum of the court, and the oral testimony or a statement of counsel in the action is not sufficient to support a nunc pro tunc order when it is properly challenged. Freeman v. Joplin Water Works Co., Mo.Sup., 154 S.W.2d 744.

■■ The order made by the court was never challenged until the case was before us on appeal. We cannot say that the judge was without any official memorandum upon which to predicate his order and we are bound by the record which imports verity and proper action by the judge in the absence of proof to the contrary. Therefore the appeal should not be dismissed. Green v. American Life & Accident Ins. Co., Mo.App., 112 S.W.2d 924; Warren v. Royal Exchange Assur. Co., Mo. App., 205 S.W.2d 744; State ex rel. Nickerson v. Rose, 351 Mo. 1198, 175 S.W.2d 768.

■ Regarding the various acts which the decree ordered and directed the defendants to do or to abstain from doing, all of them have been complied with except one. This is the direction to the defendants to remove and place in its original position the pole that is within the driveway. The facts, as they relate to this, failed to show that the pole in any way interferes with the use of the driveway and they affirmatively show that it was placed there by a public utility company and not by the defendants. If it is removed, it will have to be moved by the public utility company. The public

utility company is not a party to this action and yet it is their power line and property which the decree affects. Thus the decree, as it relates to this pole and power line, requires the defendants to do something that they cannot do but could only request another to do. For this reason it is not an effectual decree. Our Supreme Court, in School Dist. No. 24 of St. Louis County v. Neaf, 347 Mo. 700, 148 S.W.2d 554, loc. cit. 557, stated:

"Under the general rule all persons whose interests will necessarily be affected by the decree, or without whose presence a complete settlement of the questions involved in the action could not be attained, are, of course, properly joined as defendants. So also persons without whose joinder no effectual decree can be rendered in plaintiff's favor are indispensable parties, since the court ought not to interfere at all except in a mode which would be effectual for the purpose of the decree. Also, under another general rule of equity practice, all persons not joined as plaintiffs who have an interest in the controversy presented by the bill of such a nature that any decree completely adjudicating the rights of those before the court must necessarily affect the rights of the former, are indispensable parties without whom the court cannot lawfully proceed."

It follows that the court could not properly enter the decree as it related to the power line for the proper parties were not before it.

■ If the proper parties had been joined, we would be compelled to conclude from the record before us that the order directing the relocation of the power line and pole is improper. The photographs in evidence clearly show that the one pole within the driveway does not interfere with the use of it and that the plaintiff's gate post is in fact even with the pole if not further towards the center line of the driveway. The encroachment is trivial and to require the relocation of the power line would be inequitable. Equity will not grant

injunctive relief where the injury is purely technical. Hubert v. Magidson, Mo.Sup., 243 S.W.2d 337, and cases therein cited.

For the reasons stated, it is the recommendation of the Commissioner that the decree be affirmed except as to the part of paragraph 14 which directs the removal of the poles, and as to this the decree should be reversed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly affirmed in part and reversed in part, in accordance with the recommendation of the Commissioner.

ANDERSON, P. J., BENNICK, J., and BROADDUS, Special Judge, concur.