STANDARD OIL DIVISION OF AMOCO OIL COMPANY, a corporation, Plaintiff–Appellant,

v.

CITY OF FLORISSANT, Missouri, A Municipal Corporation, David L. Reynolds, James A. Meinert, Thomas Schneider, Vernon F. Schlemmer, Robert W. McLaughlin, James D. Schoonover, Ken Bond, William Wackerle and Jo Curran, Defendants–Respondents.

No. 42628.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 5, 1980.

Gerald R. Ortbals, Clayton, for plaintiff–appellant.

Robert E. Staed, St. Louis, for defendants–respondents.

CRIST, Presiding Judge.

Administrative law and procedure case. We reverse the judgment of the circuit court and remand with directions.

Plaintiff (hereinafter "Standard") sought, by application, to amend its special use permit with defendants' city council (hereinafter "city council") to allow Standard to install three, 30,000 gallon, underground storage tanks, and to relocate its service station at the same business location at the southwest corner of Charbonier Road and Lindberg Boulevard.

In December of 1964, city council enacted Ordinance 1484, granting a special permit to Standard to operate a service station on the above location. In 1978, Standard applied for the amendment. The Florissant Planning and Zoning Commission recommended approval of the proposed amendment. No mention was made of any new traffic controls at Standard's site.

Notice was given as required by the zoning ordinance of a public hearing on October 23, 1978 relative to the amendment of the special use permit to allow Standard to construct "a new building for gasoline self–service." Accordingly, there was a contested case under § 536.010, RSMo.1978. *Vorbeck v. McNeal*, 560 S.W.2d 245, 250 (Mo.App.1977).

On October 23, 1978, a hearing was held. An abbreviated transcript was filed in accordance with Rule 100.06(a)(1). All that appears in the transcript was that Standard's representative appeared on behalf of the application and one Jennie Golden questioned traffic controls.

On February 1, 1979, an ordinance was introduced authorizing the amendment. That ordinance was passed on April 23, 1979 but, as passed, it included an added requirement that Standard, the lessee, furnish the land and construct a driving lane on Charbonier Road for the length of its property. No post–hearing decision of the city council, with findings of fact and conclusions of law, was made as required by § 536.090(1), RSMo.1978 unless the enactment of the ordinance was intended to fill the void. In reviewing an administrative decision, the court may not infer findings from the ultimate decision. *Stephen & Stephen Properties, Inc. v. State Tax Commission*, 499 S.W.2d 798, 804[6] (Mo.1973).

The exaction required by the ordinance was made without competent and substantial evidence appearing on the whole record. Rule 100.07. No evidence appears in the record showing any increase in traffic hazards or traffic congestion. See, *State ex rel. Steak n Shake, Inc. v. City of Richmond Heights*, 560 S.W.2d 373, 377 (Mo.App.1977); *State ex rel. Noland v. St. Louis County*, 478 S.W.2d 363, 365 (Mo. 1972).

The abbreviated transcript does not show the "exaction" was an issue at the hearing nor does it show that the matter was disposed of by consent under Rule 100.02. Standard's application was not unconditionally approved. The posture of this case is such that we are unable to make a fair and just decision.

In accordance with Rule 100.07(e), we reverse and remand this case to the circuit court with directions to reverse its decision and, in turn, remand to the City Council of Florissant for further proceedings on the record not inconsistent herewith and in accordance with Chapter 536, RSMo.1978.

REINHARD and SNYDER, JJ., concur.