R. Kenneth LORENZ and Carol P. Lorenz,

Plaintiffs/Respondents/Cross–Appellants,

v.

CITY OF FLORISSANT, MISSOURI, et al.,

Defendants/Appellants/Cross–Respondents.

Nos. 52584, 52590.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 19, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 24, 1988.

Application to Transfer Denied April 19, 1988.

Edward C. Cody, St. Louis, for plaintiffs/respondents/cross-appellants.

Virgil J. Muehlenkamp, Dellwood, for defendants/appellants/cross-respondents.

SIMON, Presiding Judge.

Defendants, the City of Florissant (City) and the members of its City Council (City Council), appeal from a judgment of the Circuit Court of St. Louis County reversing the denial of a variance by the City Council to plaintiffs, R. Kenneth Lorenz and Carol P. Lorenz, regarding the installation of vinyl siding on their home in the City of Florissant. Plaintiffs cross-appeal the judgment of the trial court which affirmed the City Council's denial of five other requested variances.

On appeal, defendants assert that the trial court erred in reversing the decision of the City Council to deny a requested variance for vinyl siding because the trial court: (1) enlarged the record beyond what was before the City Council for review; (2) relied on the additional evidence in reversing the City Council; (3) became a court of original jurisdiction when it allowed the admission of the additional evidence; and, (4) failed to find that the record before the City Council contained sufficient evidence to support the denial of the requested vinyl siding variance. In their cross-appeal, the plaintiffs contend that the trial court erred in finding substantial and competent evidence existed to support the City Council's decision to deny the five other requested variances. We reverse and remand in part and affirm in part.

Plaintiffs' home was designated a landmark building by the Florissant Landmark Commission in 1981, and lies within the "H" Historic District. They purchased the property in January, 1984; the title did not indicate the historic landmark designation. In February, 1984, they filed several applications with the Florissant Planning and Zoning Commission to obtain permits for certain exterior modifications to their home. Some of the alterations were approved but the Commission denied requested variances for certain alterations for: (1) vinyl siding; (2) front porch turned posts; (3) front porch concrete steps; (4) front porch turned spindles (railing); (5) scalloped facia boards; (6) front door with stained and etched glass windows.

The plaintiffs appealed the Commission's decision denying the above requested variances to the Florissant City Council pursuant to § 30.5(9) of the City's Zoning Code. Subsequently, the City Council agreed with the Commission and denied the variances requested by plaintiffs.

Section 3.5 of the Zoning Code of the City of Florissant establishes the Historic District and provides for the regulation thereof. Section 3.5 includes provisions regulating the use, height, and bulk of buildings within the "H" Historic District. Further, said section provides that the purpose of the regulations is to preserve the historic features of the Old Town area and its aesthetic and cultural heritage as reflected in the overall fabric of the area and the historic buildings designated by the Landmarks Commission and contained within the district.

A multitude of evidence was presented to the City Council over a period of two sessions indicating that the building owned by plaintiffs was originally built during a period when concrete steps, scalloped facia boards, front porch turned posts, vinyl siding, front porch constructed spindles (railing), and front doors with stained and etched glass windows were not standard design.

Accordingly, the City Council issued detailed Findings of Facts and Conclusions of

Law in refusing to grant a variance for the vinyl siding because to do so would directly oppose the ordinance under which landmark buildings are to be maintained. Sections 3.5 and 30.5 of the Zoning Code and the Old Town Guidelines of the City of Florissant allow vinyl or aluminum siding except on landmark buildings. The City Council denied variances for the other items because allowing the alterations would not preserve the historic features of the Old Town area as is required by § 30.5 of the Zoning Code.

Thereafter, plaintiffs filed their petition for Administrative Review pursuant to Chapter 536 RSMo (1978). (All further references herein shall be to RSMo (1978) unless otherwise noted). Section 536.100 RSMo provides as follows:

> *536.100. Party aggrieved entitled to judicial review.*—Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, *unless some other provision for judicial review is provided by statute;* provided, however, that nothing in this chapter contained shall prevent any person from attacking any void order of an agency at any time or in any manner that would be proper in the absence of this section. Unreasonable delay on the part of any agency in deciding any contested case shall be grounds for an order of the court either compelling action by the agency or removing the case to the court for decision.

(Emphasis ours). We note that Chapter 89 RSMo, entitled, "Zoning and Planning," provides for judicial review in zoning cases involving decisions from the boards of zoning adjustment of cities, towns, and villages. *See:* § 89.110 RSMo. It would appear that § 89.110 RSMo is the "other provision for judicial review" contemplated in § 536.100 RSMo. *See: Cohen v. Ennis,* 318 S.W.2d 310, 312 (Mo. banc 1958). Zoning cases ought to be filed pursuant to their special statutes. *See, e.g.,* § 64.120.3 RSMo (1986) (appeals from first class charter counties' boards of zoning adjustment); § 64.281.4 RSMo (1986) (appeals from non-charter first class counties' boards of zoning adjustment); § 64.660.2 RSMo (1986) (appeals from second and third class counties' boards of zoning adjustment); § 64.870.2 RSMo (1986) (appeals from all other counties' boards of zoning adjustment); § 89.110 RSMo (1986) (appeals from all cities', towns', and villages' boards of zoning adjustment).

Many zoning type cases have been reviewed pursuant to Chapter 536 RSMo. These cases involve the administrative review of decisions regarding special use permits, conditional use permits, or building permits. *See, e.g., McClain v. Board of Adjustment of the City of St. Louis,* 508 S.W.2d 301 (Mo.App.1974); *Standard Oil Division of Amoco Oil Co. v. City of Florissant,* 607 S.W.2d 854 (Mo.App.1980); *Alpha Portland Cement Co. v. Missouri Department of Natural Resources,* 608 S.W.2d 451 (Mo.App.1980); *City of Eureka v. Litz,* 658 S.W.2d 519 (Mo.App.1983); *State ex rel. Crouse v. City of Savannah,* 696 S.W.2d 346 (Mo.App.1985). Since this case arises from the denial of a permit for exterior modifications, we review pursuant to Chapter § 536 RSMo.

Pursuant to § 536.140 RSMo, plaintiffs submitted a Motion to Consider Additional Evidence which was sustained by the trial court. This evidence consisted of a stipulation of facts pertaining to a prior grant by the City Council of a variance for aluminum siding on a landmark building. The plaintiffs contend that the prior variance grant was to similarly situated homeowners, and therefore the denial in their case was arbitrary and capricious.

According to the stipulation of facts, William and Bernadine Wesling owned a home in Florissant. On October 1, 1979, the property was designated a Landmark House. The Weslings were notified that this designation was placed on their property and that they had 30 days to file a request that such a designation was not acceptable to them. The City Council granted a variance based upon the following evidence: (1) the Weslings were an

elderly couple; (2) they did not understand that their failure to act would be deemed an acceptance of the Landmark Designation; (3) they did not want their home to be designated a landmark structure; and, (4) they had purchased aluminum siding, had contracted to have it installed, and had begun to do so before being informed that they could not proceed without the approval of the Planning and Zoning Commission or the Florissant City Council. The City Council found these facts established a hardship and granted the variance allowing for the installation of the aluminum siding.

In its Order and Judgment, the trial court submitted written findings which stated, in pertinent part:

After reading the transcript of the appeal hearing, the Old Town Development Plan and Guidelines, and Plaintiffs' and Defendant's (sic) memoranda of facts and law, the Court has concluded that the City Council's decision to deny the alterations is supported by substantial and competent evidence. The Council was presented with much evidence about the historic and architectural character of the Lorenzs' (sic) house and concluded that the alterations made did not preserve, protect or enhance the historic property. While the Court believes there is substantial and competent evidence to support the City Council's decision to deny all six alterations, the Council's decision to deny one particular alteration, vinyl siding, was arbitrary and capricious.

. . . . .

However, additional evidence has been presented to the Court to supplement the appeal hearing transcript which shows that in 1982, in a case similar to the Lorenzs' (sic), the City Council did allow the owners of a landmark structure to install aluminum siding on their home. Those landmark homeowners, William and Bernadine Wesling, began installing aluminum siding on their home in 1982. They were informed they were prohibited from doing so and stopped work on the siding until they obtained a permit. Their request to install the siding was denied by the Planning and Zoning Commission but ultimately approved by the City Council. The Council authorized the Weslings to install the aluminum siding on the grounds that the facts presented established a hardship. Apparently, the facts that established hardship were that the Weslings were an elderly couple and they had already purchased the siding, contracted to have it installed, and had begun to have it installed before being informed that they needed the approval of the Planning and Zoning Commission or the City Council. The Plaintiffs are persuasive in arguing that their situation constitutes a hardship case. The Lorenzes were unaware that their house had been designated a landmark when they bought it. Mr. Lorenz suffers from a back problem and cardiac arrythmia, and does not want the maintenance responsibilities of wood siding. Mr. Lorenz's poor health is as compelling a reason for a variance as was the Weslings' advanced age. And the fact that the Lorenzes were not aware of the landmark designation on their house when they bought it equates with the Weslings' ignorance of the fact that failure to object to the landmark designation on their house would be deemed acceptance of the landmark designation. Thus, the Weslings and Lorenzes were similarly situated landowners and the City Council's decision to grant the Weslings a variance but deny the Lorenzes a variance was arbitrary and capricious.

Based on its findings, the trial court reversed the City Council's decision as to the vinyl siding, but affirmed its decision in all other respects.

Ordinarily, on appeal we review the decision of the administrative body, the City Council, not the judgment of the trial court. *Ingram v. Civil Service Commission of the City of St. Louis*, 584 S.W.2d 633, 634[1] (Mo.App.1979). Our review consists of a determination of whether the City Council's decision is supported by competent and substantial evidence upon the whole record. *Hanebrink v. Parker*, 506 S.W.2d 455, 457[1] (Mo.App.1974). In examining the whole record, we must view

the evidence in a light most favorable to the findings of the City Council considering the favorable inferences which the City Council had a right to draw from the evidence, and if the evidence would support either of two opposed findings, we are bound by the City Council's decision. *Hermel, Inc. v. State Tax Commission,* 564 S.W.2d 888, 894[1] (Mo. banc 1978). We may not substitute our discretion for that of the City Council. § 536.140.5 RSMo; *Conder v. Board of Directors of Windsor School,* 567 S.W.2d 377, 378[1] (Mo.App. 1978).

Defendants' first three points on appeal are closely related. A resolution of the defendants' first point sufficiently disposes of their second and third points. In their first point, defendants contend that the trial court improperly enlarged the record beyond what was before the City Council by allowing the Wesling stipulation of facts to be admitted. Plaintiffs argue that § 536.140 RSMo empowers the trial court to allow the additional evidence in the record. Specifically, § 536.140.3 RSMo and § 536.140.4 RSMo provide as follows:

3. Whenever the action of the agency being reviewed does not involve the exercise by the agency of administrative discretion in the light of the facts, but involves only the application by the agency of the law to the facts, the court may weigh the evidence for itself and determine the facts accordingly. The law applied by the agency as aforesaid may include the agency's own rules. In making such determination the court shall give due weight to the opportunity of the agency to observe the witnesses, and to the expertness and experience of the particular agency.

4. Wherever under subsection 3 or otherwise the court is entitled to weigh the evidence and determine the facts for itself, the court may hear and consider additional evidence if the court finds that such evidence in the exercise of reasonable diligence could not have been produced or was improperly excluded at the hearing before the agency. Wherever the court is not entitled to weigh the evidence and determine the facts for itself, if the court finds that there is competent and material evidence which, in the exercise of reasonable diligence, could not have been produced or was improperly excluded at the hearing before the agency, the court may remand the case to the agency with directions to reconsider the same in the light of such evidence. The court may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record.

■ Since § 536.140.3 RSMo and § 536.140.4 RSMo empower the trial court to weigh and to consider additional evidence, our review is directed to those two subsections. First, § 536.140.3 RSMo allows the trial court to weigh the evidence "[w]henever the action of the agency being reviewed does not involve the exercise by the agency of administrative discretion in the light of the facts, but involves only the application by the agency of the law to the facts." Obviously, the granting of a variance based on hardship is a matter involving administrative discretion. Therefore, the trial court may not weigh the evidence. *State ex rel. Horn v. Randall,* 275 S.W.2d 758, 761[3] (Mo.App.1955). Second, since the trial court is not entitled to weigh the evidence under § 536.140.3 RSMo, the trial court may not hear and consider additional evidence as provided for in the first sentence of § 536.140.4 RSMo. Third, the second sentence of § 536.140.4 RSMo provides that in cases where the trial "court is not entitled to weigh the evidence and determine the facts for itself," like the present case, and, if the trial "court finds that there is competent and material evidence which, in the exercise of reasonable diligence, could not have been produced or was improperly excluded at the hearing before the agency," then the trial court should "remand the case to the agency with directions to reconsider the same in the light of such evidence." We note that upon a careful review of the trial court's Order and Judgment and the record on appeal, we cannot locate the trial court's finding that the additional evidence is

"competent and material." Furthermore, although plaintiffs' claim in their Motion to Consider Additional Evidence that the additional evidence could not, "in the exercise of reasonable diligence, have been produced by plaintiffs and made a part of the record at the hearing," the trial court again failed to make a specific finding as to the claim. Although the trial court is not required to make specific findings, apparently the trial court so found. Having so found, the trial court should have remanded "the case to the [City Council] with directions to reconsider the same in the light of such evidence." § 536.140.4 RSMo. Fourth, the final sentence in § 536.140.4 RSMo empowers the trial court in any case to "hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record." Upon a review of the petition and the Motion to Consider Additional Evidence, we do not find an allegation of "irregularities in procedure or of unfairness by the agency." Further, since the Motion to Consider Additional Evidence tracks the language in the second sentence of § 536.140.4 RSMo, plaintiffs obviously did not consider the hearing to have been irregular in procedure or unfair. Thus, the trial court was not hearing and considering additional evidence as to any alleged irregularities in procedure or unfairness by the City Council.

■ Judicial review of administrative decisions is limited to matters that arose before the administrative agency and deals only with questions of law that appear on the face of the record, thus precluding consideration of evidence other than that before the agency. *Gore v. Wochner*, 558 S.W.2d 333, 334[2] (Mo.App.1977). The nature of the hearing before the trial court is one of review, not *de novo*. *State ex rel. Weinhardt v. Ladue Professional Building, Inc.*, 395 S.W.2d 316, 321[8] (Mo.App. 1965). We note that the parties cannot by agreement enlarge the authority and jurisdiction for review by the trial court or this court. *State ex rel. Horn v. Randall*, 275 S.W.2d at 762[5] (Mo.App.1955).

Based on the foregoing, we reverse that portion of the judgment of the trial court pertaining to the vinyl siding and remand the cause to the trial court. Upon remand, the trial court should remand the cause to the City Council with directions to reconsider plaintiffs' application for a variance for the vinyl siding in the light of the additional evidence.

Having found merit in defendants' first point on appeal, we need not address their other points.

■ In their cross-appeal, plaintiffs contend that the City Council's denial of variances for the five other alterations was unwarranted. Plaintiffs argue that there is no substantial and competent evidence to support the denial by the City Council.

Although evidence to support the variances exists, we do not weigh the evidence. § 536.140.3 RSMo. Where the evidence supports either of two opposed findings, the reviewing court is bound by the City Council's determination. *Hermel, Inc. v. State Tax Commission*, 564 S.W.2d at 894[1]. The City Council had before it testimony, voluminous exhibits, and other competent evidence justifying denial of the variances for the proposed alterations. Therefore, the City Council did not abuse its discretion in refusing to grant the variances.

Thus, we reverse and remand that portion of the judgment of the trial court pertaining to the vinyl siding and affirm its judgment in all other respects.

Judgment affirmed in part, reversed and remanded in part.

CRANDALL and GRIMM, JJ., concur.