STATE of Missouri, ex rel. CLINTON AREA VOCATIONAL SCHOOL, Relator,

v.

Honorable Joseph P. DANDURAND, Judge of the Circuit Court of Johnson County, Missouri, Division 2, Respondent.

No. WD 41427.

Missouri Court of Appeals, Western District.

March 7, 1989.

William L. Webster, Atty. Gen., Patricial D. Perkins, Sp. Asst. Atty. Gen., Jefferson City, for relator.

Norman Humphrey, Jr., James M. Ziegler, Independence, for respondent.

Before LOWENSTEIN, P.J., and CLARK and FENNER, JJ.

LOWENSTEIN, Presiding Judge.

The relief sought here is the prohibition of a trial court from enforcing its judgment adding the relator as a party and then entering judgment against it in a case already on appeal under the Administrative Procedure and Review Act. Chapter 536, RSMo 1986. (All further statutory references will be to RSMo 1986.) The relator is the Clinton Area Vocational School (Clinton). The underlying dispute centers around which of two school districts will be required to provide specialized vocational-technical educational services to two handicapped brothers, Jerry V., age 20, and David V., age 18, who are in the high moderate range of retardation and function between a kindergarten and third grade level. They are students living in the Montrose R–14 School District (Montrose). The events leading up to this court's issuance of a preliminary order in prohibition are recounted:

In July, 1987 a three member panel authorized by § 162.961, heard Jerry and David's parents' request for special education services for the boys. Section

162.670 *et seq.*, provide for such services to be provided handicapped persons under the age of 21 by the public schools. When the Montrose School District and the parents could not agree on an educational program to be provided by Montrose, § 162.961 empowered the setting up of a three person panel to receive evidence and reach a decision.

Montrose appealed the § 162.961 panel's decision to the Missouri State Board of Education (state board) under a procedure authorized in § 162.962 which authorized additional evidence and arguments to be presented. Unhappy with state board's decision in September, 1987, Montrose appealed to the appropriate circuit court, that of the respondent under the auspices of § 162.962.2 which states the findings and decision of the state board may be appealed by an aggrieved party as provided in Chapter 536 which covers judicial review of cases decided by an administrative agency.

While on appeal to the circuit court, and while Montrose continued to provide educational services to the boys, on August 23, 1988 Montrose in response to the parents' request for certain vocational services held a conference in which Clinton, the vocational school serving the Montrose district, was present. Educational plans for each student were drafted at this meeting. Clinton did not agree to the plans.

In summary the education plans called for Clinton to take a referral of the young men from Montrose for about 38 percent of the students' school week. Clinton was to train them in the safety, health of small animals, and teach them about small animal diseases and specifically to teach them about the nutrition, grooming and costs of raising dogs.

On September 2, 1988 the respondent issued an order which affirmed part of the state board's decision.

On either the 11th or 12th of September, 1988, Montrose asked for reconsideration of the Order of September 2nd. Montrose's motion told of a change of circumstances in which the parents *now wanted training for their sons through Clinton which was not a party to the action.* This motion was granted on October the 14th, just three days after Montrose filed another motion to add Clinton as a party or in the alternative to require the state board to order Clinton to accept the education plans discussed at the August 23rd meeting.

On November 30, 1988, the respondent judge entered the order that caused the request to be made for this extraordinary relief. This order added Clinton as a party and ordered the state board to direct Clinton to accept the boys based on the education plans drafted on August 23rd.

Clinton took the referrals until a stop order issued following Clinton's petition for a writ.

■ Clinton raises several reasons for making the preliminary order in prohibition absolute. Montrose, the state board and the parents have ably fought to uphold the respondents' November 30th order, but Clinton's point as to its being brought in so late in the case and without having been afforded a hearing is dispositive. Therefore the writ will be made absolute.

Before giving an analysis of the reasons for this decision a few observations are in order. Although the record is sketchy, it appears as if the first time Clinton was mentioned as the school to implement the education plan was at the August 23, 1988 meeting. Until that time, and including the period during the administrative hearings only Montrose was in the picture. It appears that not until the case was on appeal to the circuit court that these particular plans calling 38% of the boys' school weeks to be in small animal training at Clinton were presented. Clinton since first being apprised of these particular plans for the boys has resisted on the grounds it is not equipped to provide this type of high school vocational training. Clinton is the area provider of vocational training for the Montrose school district. Both Clinton and Montrose are under the state board's statutory supervision, but there is no mechanism which allows the state board to mandate,

without a hearing, the compliance by Clinton of the August 23rd plan.

As pertinent to this controversy, under § 162.962, the hearing panel's decision was to be reviewed by the state board. A record was to be provided the state board, and it could receive additional evidence. The findings and decision of the state board could be appealed by an aggrieved party under Chapter 536, which covers administrative procedure and judicial review. Section 536.140 covers judicial review of the agency decision based on the record made at the agency hearing. The circuit court inquiry extends to a determination of whether the agency action, among other things, is "unsupported by competent and substantial evidence on the whole record." Section 536.140.2(2). Subsection four provides where the court is not entitled to weigh the evidence and determine facts, but finds, "there is competent and material evidence which, in the exercise of due diligence, could not have been produced ... at the hearing before the agency, the court may remand the case to the agency with directions to reconsider the same in the light of such evidence."

Part of the difficulty here is the circuit court involvement in the dispute at bar is strictly in the nature of review, not for it a matter de novo, and its authority and jurisdiction may not be expanded. *Lorenz v. City of Florissant, Missouri,* 747 S.W.2d 222 (Mo.App.1988). This was not for example an appeal to the circuit court from a judgment in associate division, where such appeal is handled without regard to any defect in the prior hearing. *Kiefer v. First Capitol Sports Center, Inc.,* 684 S.W.2d 483, 488 (Mo.App.1984).

> Judicial review of administrative decisions is limited to matters that arose before the administrative agency and deals only with questions of law that appear on the face of the record, thus precluding consideration of evidence other than that before the agency.

*Lorenz, supra,* at 227.

The ages of David and Jerry make time of the essence, but the circuit court lacked jurisdiction to make Clinton the party to provide those services without first giving Clinton a hearing. Under the rationale and theory of judicial review of administrative matters, where agency expertise exists in a specialized area, hearing and initial determination of the controversy should be made at the agency level. *Id.*

The controversy here does not really turn on the respondent's contention of there being a determination of whether Clinton was a necessary or indispensable party needed for joinder under Rule 52.04. *Bunker R-III School District v. Hodge,* 666 S.W.2d 20 (Mo.App.1984). The question here is whether the respondent's court had jurisdiction to join Clinton as a party: 1) while the matter was on appeal from an administrative agency decision; and, 2) render a judgment immediately after joinder which bound Clinton without benefit of a hearing.

It is initially observed Rule 52.06 provides in part the adding of a party in a pending case on motion of a party or on the court's initiative "at any stage of the action and as such terms as are just." This language of the Rule has been interpreted to refer to the trial court and not the appellate court. *Government Employees Insurance Company, Inc. v. Clenny,* 752 S.W.2d 66, 69 (Mo.App.1988); *Aetna Life Insurance Company v. Litteer,* 621 S.W.2d 376, 379 (Mo.App.1981). *Cf. State ex rel. Ashcroft v. American Triad Land Co., Inc.,* 712 S.W.2d 62, 64 (Mo.App.1986), where a Rule 52.12 motion to intervene subsequent to trial, judgment or decree is normally not timely unless, "substantial justice mandates otherwise."

One of the purposes of Rule 52 is to avoid piecemeal litigation—once Clinton's perceived ability to provide the vocational training became apparent it should have brought into the case, *City Investing Company v. Davis,* 334 S.W.2d 63, 68 (Mo.1960), as its rights and duties could not be adjudicated without it, and certainly not without being afforded the opportunity to be heard. *Schaeffer v. Moore,* 262 S.W.2d 854, 858 (Mo.1953). This court does not hold Clinton could not have been made a party while circuit court review was under-

way. As will be addressed *infra* adding a party and reception of evidence should be done at the agency level following remand. What the court does decry is the ascertainment of Clinton's obligation under the judgment without having had the opportunity to present its case. Any other procedure than to allow Clinton the right to be heard at the fact finding level here by the administrative agency would be violative of due process. *State ex rel. Chicago, Rock Island and Pacific Railroad Company v. Public Service Commission,* 355 S.W.2d 45 (Mo. banc 1962). *School Dist. No. 24 of St. Louis County v. Neaf,* 347 Mo. 700; 148 S.W.2d 554 (1941), involved a school district suing county officers to change a statutory scheme for the property taxation of a water company with the idea to change the amount the plaintiff received. Not named as defendants in the *Neaf* suit were the water company and other entities, including other school districts in the county. The supreme court held the water company's tax liability was to be changed by the suit, as well as the revenue to be gained by neighboring school districts. The court in denying relief until all those directly interested in the collection of taxes were made parties said, "[T]o grant the relief prayed for would be as effectual against the school district as though it were a party to the proceedings and it would thus be deprived of its rights without the opportunity of being first heard. This is opposed to the fundamental principles of the law." The constitutional obligation to allow a party litigant to a hearing is "not a matter of grace, but is one of right." *Magerstadt v. La Forge,* 303 S.W.2d 130, 134 (Mo.1957). The respondent contends to not expedite the disposition of the case harms the education of the young men since they will soon be over the maximum age allowed to attend public high school, but this court notes, "expediency is never exaulted over the interest of a just and fair trial and due process." *Alvino v. Alvino,* 659 S.W.2d 266, 270 (Mo.App.1983).

█ The analysis here leaves no disposition other than making the writ absolute so the November 30th order adding Clinton as a party and ordering it to provide services to the two young men is held for naught. This does not totally end the matter however. If the trial court entertains the decision to bring Clinton into the case as a party under Rule 52 then it must first be mindful of § 536.140, *supra,* providing that it can remand the case to the agency only if evidence as to Clinton providing the voctech services in this case could not have been produced in the exercise of reasonable diligence. *Consumer Contact Company v. State Department of Revenue,* 592 S.W.2d 782, 787 (Mo. banc 1980); Rule 100.07(d) and (e).

The preliminary order in prohibition is made absolute.