**R. Kenneth LORENZ, and Carol P. Lorenz, Plaintiffs/Appellants,**

v.

**CITY OF FLORISSANT, et al., Defendants/Respondents.**

No. 56362.

Missouri Court of Appeals, Eastern District, Division Four.

March 6, 1990.

Edward C. Cody, Michael M. Izsak, St. Louis, for plaintiffs/appellants.

Virgil J. Muehlenkamp, Dellwood, for defendants/respondents.

CARL R. GAERTNER, Judge.

This is the second appeal concerning appellants' application for certain zoning variances and respondent City's denial of same. We affirm.

Appellants purchased a home lying within the "H" Historic District in Florissant in January, 1984. The structure had been designated as a landmark building in 1981, but appellants' title did not indicate this.[1] In February, 1984, appellants filed applications for variances with the City's Planning and Zoning Commission as required by § 30.5(5) of the Zoning Code of the City of Florissant. The Commission, pursuant to § 30.5(6) of the Zoning Code, denied appellants' requested variances to install vinyl siding, front porch turned posts, front porch concrete steps, front porch turned spindles, scalloped facia boards, and a front door with stained and etched glass, because the additions would not preserve the historic architecture and aesthetics of the house and neighborhood required by the Zoning Code. Appellants appealed to the City Council pursuant to § 30.5(9) of the Zoning Code. After a lengthy hearing conducted over two evening sessions, the Council affirmed the Commission's denial.

Appellants then filed a petition for administrative review to the Circuit Court under § 536.100 RSMo (1978). The Circuit Court affirmed all denials except the application for vinyl siding. Both parties appealed to this Court. We reversed and remanded the Circuit Court's decision concerning the vinyl siding because it improperly considered additional evidence not before the City Council, and affirmed the other five denials. *Lorenz v. City of Flor-*

---

1. The designation had been recorded in the St. Louis County Office of Recorder of Deeds. Apparently this fact was not noted upon doc-uments prepared by a title company at the time appellants purchased the property.

*issant,* 747 S.W.2d 222 (Mo.App.1988) (hereinafter *Lorenz* I).

Upon remand, the City Council reconsidered appellants' application for vinyl siding in light of the additional evidence, and again denied appellant's request. The Circuit Court affirmed the City Council's decision, and appellants again appeal.

■ Our standard of review is well settled. We limit our review to determining whether the ruling is authorized by law and supported by competent and substantial evidence based on the whole record. Mo. Const. Art. V, § 18; *Ogawa v. City of Des Peres,* 745 S.W.2d 238, 242 (Mo.App. 1987). We may not substitute our judgment for that of the Commission. *Murphy v. Board of Zoning Adjustment of Kansas City,* 593 S.W.2d 549, 553 (Mo.App.1979); *Volkman v. City of Kirkwood,* 624 S.W.2d 58, 59 (Mo.App.1981). In testing for substantial evidence to support the decision below, we view the evidence in the light most favorable to the Commission, giving it the benefit of all reasonable inferences. *Volkman,* 624 S.W.2d at 59–60. "... [I]f the result reached could reasonably have been reached, we are without authority to disturb the finding unless it was clearly contrary to the overwhelming weight of the evidence." *Wolfner v. Board of Adjustment of Frontenac,* 672 S.W.2d 147, 150 (Mo.App.1984).

■ In their only point on appeal, appellants contend the Circuit Court erred in affirming the City Council's decision. They allege the additional evidence, which concerns a couple who was granted a variance to install aluminum siding on their historic home in Florissant, shows the denial in the instant case was arbitrary and capricious.

The evidence at the City Council's second hearing disclosed that William and Bernadine Wesling also owned a landmark house in Florissant as early as August, 1979. The Weslings were notified of the landmark designation on October 1, 1979 and that they had thirty days to file a request that they found the designation unacceptable. They did not file such a request. Prior to September 21, 1982, the Weslings purchased and were in the process of installing aluminum siding on their home. They were then told they had to stop installation and get a permit. The Weslings applied for the permit on September 21, 1982, but were denied. They then appealed to the City Council, who granted the variance based on evidence that the Weslings were elderly, did not understand the ramifications of failing to request their home not be designated a landmark building, and they had already purchased and partially installed their siding.

Appellants assert they are similarly situated to the Weslings, and therefore the denial of their permit to install vinyl siding is arbitrary and capricious. Appellants correctly point out that the City Council "... is not free to pick and choose between similarly situated applicants of whom they will or will not require strict compliance with the ordinance." *Wolfner,* 672 S.W.2d at 151. In order to demonstrate that they were similarly situated to the Weslings, appellants introduced evidence that they likewise were not aware of the landmark designation at the time they bought their home. Appellants also introduced evidence of Mr. Lorenz's heart and back problems, and presented a letter from a physician stating that Mr. Lorenz hurt his back lifting a fishing motor in June of 1987. Appellants contend Mr. Lorenz's health equates them with the Weslings' advanced age in terms of ability to maintain wood siding.

The City Council, in denying appellants' request, found appellants were not similarly situated for three reasons: (1) appellants discovered the designation sometime between their home purchase and their application, as evidenced by such application; (2) appellants neither purchased nor installed the siding prior to their application; and (3) the only evidence of Mr. Lorenz's back problem was that it occurred while lifting a fishing motor over one year prior to the date of the hearing.

While there is evidence to support granting the variance, if the evidence supports either finding a reviewing court is bound by the City Council's determination. *Lorenz* I, 747 S.W.2d at 227; *Hermel, Inc. v. State Tax Commission,* 564 S.W.2d 888,

894 (Mo. banc 1978). We find the City Council's conclusions are reasonable and supported by substantial evidence. The only evidence of Mr. Lorenz's physical disability was an August 6, 1987 letter from his physician stating he had suffered intermittent back pain for some three years prior to an exacerbation of the condition by lifting a fishing motor. However, at the first hearing appellants produced numerous witnesses who testified in support of their application and to the extensive time and effort Mr. Lorenz expended in repairing the house. One witness described his efforts as "Herculean"; another stated "I've seen the man work night and day." Such evidence amply supports the Council's conclusion that Mr. Lorenz's back problem "is not so severe that it would hinder his activities around home," as a distinguishing factor from the Weslings' situation. A further distinction found by the Council and supported by the evidence is that the Weslings had purchased the siding, entered into a contract for its installation and were in the process of installing the siding before being informed of the variance with the Zoning Code and the "Old Town Guidelines", whereas appellants had applied for a variance before purchasing the siding. In view of the evidence supporting these distinctions, we are unable to declare erroneous the conclusion of the Council that in applying for their respective variances the appellants and the Weslings were not similarly situated. It follows that the denial of appellants' application for a variance to permit the installation of vinyl siding was neither arbitrary nor capricious.

The judgment is affirmed.

HAMILTON, P.J., and STEPHAN, J., concur.