Jackie D. WEST, Claimant–Appellant,

v.

DIRECTOR, MISSOURI DIVISION OF FAMILY SERVICES, Respondent.

No. 17322.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 31, 1991.

Motion for Rehearing or to Transfer Denied Jan. 22, 1992.

Joseph B. Phillips, Stockton, for claimant-appellant.

Linda Ray–McKenna, Jefferson City, for respondent.

FLANIGAN, Chief Judge.

Claimant Jackie D. West appeals from a judgment of the Circuit Court of Cedar County affirming a decision of the Missouri State Division of Family Services denying his claim for medical assistance benefits under Chapter 208.[1] The denial was based on a finding by the Division that on May 31, 1989, claimant and his wife had assets with "a combined value of $2,092.15 which is in excess of the Medical Assistance available resource maximum, $2,000."

The assets, on which the denial was based, consisted of the following:

| | |
|---|---:|
| "Nonexcludable value of life insurance" owned by claimant— | $1,352.75 |
| "Nonexcludable value of life insurance" owned by claimant's wife— | 622.63 |
| Balance in savings account— | 10.09 |
| Balance in checking account— | 106.68 |
| | $2,092.15 |

Claimant contends that the Division incorrectly determined that he and his wife had resources in excess of the $2,000 limit[2] in that it improperly subtracted the $1,500 exemption[3] from the death benefit of claimant's life insurance policy instead of from the policy's cash surrender value and thereby incorrectly denied him medical assistance benefits. Claimant contends that the foregoing action by the Division was arbitrary, capricious and contrary to law because state regulations (13 CSR 40-2.030(4)) provides: "The value of life insurance policy at any time shall be the cash surrender value of the policy, minus the

---

1. All references to statutes are to RSMo 1986, V.A.M.S.

2. At the time of the instant proceeding, § 208.-010.2 read, in pertinent part:

> "2. Benefits shall not be payable to any claimant who:
>
> . . . . .
>
> (4) Owns or possesses cash or securities in the sum of one thousand dollars or more; provided, however, that if such person is married and living with spouse, he or they, individually or jointly, may own cash or securities not to exceed two thousand dollars;
>
> . . . . .

One court said, in dictum, that the cash surrender value of a life insurance policy was a "security" within the meaning of the statute. *Wigand v. State Dept. of Pub. Health & Welfare,* 454 S.W.2d 951, 955–956[9] (Mo.App.1970). While this proceeding was pending before the Division, the statute was amended by substituting "resources" for "cash or securities" twice in Subd. (4).

3. Section 208.010.4 reads:

> 4. In determining the ... resources, of any person claiming or for whom public assistance is claimed, there shall be disregarded any life insurance policy, or prearranged funeral or burial contract, or any two or more policies or contracts, or any combination of policies and contracts, which provides for the payment of one thousand five hundred dollars or less upon the death of any of the following:
>
> (1) A claimant or person for whom benefits are claimed; or
>
> (2) The spouse of a claimant or person for whom benefits are claimed with whom he is living.
>
> If the value of such policies exceeds one thousand five hundred dollars, then the total value of such policies may be considered in determining ... resources...."

Throughout the proceeding both sides have assumed, apparently on the basis of § 208.010.4, that each of the insurance policies was entitled to a $1,500 exemption. This court refrains from expressing any opinion on whether the statute, under the facts here, justifies such assumption.

amount of any lien, loan, accrued interest payments or assigned portion of the policy."

■ The decision of the Division is reviewed "in accordance with the provision of § 536.140." § 208.100.5; § 208.110. This court applies to the proceedings before the Division the judicial review prescribed by Art. V, § 18, Mo. Const., and by the implementing statute, § 536.140. *Hill v. State Department of Public Health and Welfare,* 503 S.W.2d 6, 11 (Mo. banc 1973). Generally speaking, in a contested case, judicial review is based on the record made before the agency. *Benton–Hecht Moving & Storage, Inc. v. Call,* 782 S.W.2d 668, 669 (Mo.App.1989). The scope of review, both for the circuit court and the court of appeals, is prescribed by § 536.140. *Kimble v. Worth County R–III Bd. of Educ.,* 669 S.W.2d 949, 951 (Mo.App.1984); *Phipps v. School Dist. of Kansas City,* 645 S.W.2d 91, 95 (Mo.App.1982). Under § 536.140.2 the inquiry may extend to a determination of whether the action of the agency "(2) Is in excess of the statutory authority or jurisdiction of the agency; (3) Is unsupported by competent and substantial evidence upon the whole record; (4) Is, for any other reason, unauthorized by law; ... (6) Is arbitrary, capricious or unreasonable." The court of appeals reviews the decision of the agency, not the judgment of the circuit court. *City of Cabool v. Mo. State Bd. of Mediation,* 689 S.W.2d 51, 53[1] (Mo. banc 1985); *Kimble, supra,* 669 S.W.2d at 951.

■ There is no factual dispute. Claimant's wife had a life insurance policy with a death benefit of $2,000 which, on the valuation date, had a cash surrender value of $2,122.63. The Division applied an exemption of $1,500 to the cash surrender value ($2,122.63) and valued her policy at $622.63.

Claimant had a life insurance policy with a death benefit of $5,000 which, on the valuation date, had a cash surrender value of $1,932.50. The Division applied an exemption of $1,500 to the death benefit ($5,000) and arrived at the figure of $3,500. The Division then applied a factor of 70 percent, "proportionate value of cash surrender value to face value" ($3,500 divided by $5,000), to the cash surrender value ($1,932.50), and valued his policy at $1,352.75.

It will be noted that for one policy the Division applied the $1,500 exemption to the death benefit and for the other policy it applied the $1,500 exemption to the cash surrender value. The Division's brief says:

Each policy presents a different problem in giving claimant the full effect of the exemption. The Division calculated the available resources *by applying the exemption to the greater of either face value or cash surrender value.* This process allowed claimant to get the greatest possible benefit from the exemption. Claimant would have been automatically ineligible merely on the face value of his policy alone. The Division, using *a formula established by policy,* calculated a percentage of availability in an effort to lower the value of claimant's policy. The same is true of applying the exemption to the cash surrender value of his wife's policy. The exemption is used to lower the value of any policy that is creating ineligibility. (Emphasis added.)

The Division uses the term "face value" to mean the death benefit. Neither the findings of the Division nor the Division's brief cites any statute or regulation authorizing the Division to apply the $1,500 exemption "to the greater of either face value or cash surrender value."

13 CSR 40–2.030(4) provides: "The value of life insurance policy at any time shall be the cash surrender value of the policy, minus the amount of any lien, loan, accrued interest payments or assigned portion of the policy." Neither of the policies was encumbered by "any lien, loan, accrued interest payments or assigned portion of the policy." Thus the value which the Division was required to use, with respect to both policies, was the cash surrender value. It did not do so with respect to the claimant's policy.

If the commission had applied the $1,500 exemption to the cash surrender value of his policy, which was the method it utilized

with respect to his wife's policy, it would have valued his policy at $432.50 with the result that the value of the assets, on which the denial was based, would have totaled $1,171.90, and therefore within the allowable limit of $2,000.

The judgment is reversed and the cause is remanded to the circuit court with directions to remand the cause to the Division with instructions to allow claimant's claim for medical assistance benefits under Chapter 208.

It is so ordered.

SHRUM, P.J. and MAUS, J., concur.