**William ROBERTS, Plaintiff–Respondent,**

v.

**Mark HAGEN, et al., Defendants–Appellants.**

No. 67545.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 19, 1995.

Rehearing Denied Oct. 30, 1995.

Darryl L. Hicks, Warrenton, for appellants.

Timothy M. Joyce, Warrenton, for respondent.

KAROHL, Judge.

Defendants, City of Warrenton, Missouri, and its Board of Aldermen, appeal from a

judgment of the circuit court reversing denial of a Conditional Use Permit by the Warrenton Board of Aldermen. They argue the trial court erred in finding the Board's denial was not supported by competent and substantial evidence on the whole record. We affirm.

On January 6, 1994, William Roberts filed an Application for Conditional Use Permit to operate a restaurant-lounge. On January 24, 1994, the Warrenton Building Commissioner filed a statement with the Planning Commission which reported the following:

Proposed ingress and egress routes

Parking at rear of building

City water and sewage for the building would not place significant demands on city facilities

Drainage requirements would not be impacted

All other zoning requirements are in compliance

- Filed with City Clerk
- Fee paid
- Published in newspaper

No Yard, Lot, and Area requirements in M–2 Zone

Approved fire doors and fire extinguishers will be required at exits

Roberts will bring building into compliance with Americans with Disabilities Act

Roberts has indicated the Lounge/Restaurant will be for the whole family

On February 1, 1994, Warrenton issued a liquor license to Roberts for the subject property. On February 11, 1994, the Conditional Use Permit application came before the Planning Commission. The Commission discussed traffic concerns and the possible widening of the road in connection with expansion of an Outlet Mall. Roberts estimated traffic at 15–20 cars per evening based on his experience as owner of another St. Charles County bar with a kitchen. One Commissioner expressed concern about children in the area, but there were no residences within 2,000 feet. A Commissioner expressed concern about the modular building. Roberts indicated he planned to shore up the floor with concrete, though part of the floor would remain on piers and he would need to install fans to be able to cook. One member moved for approval. The Commission voted against recommending the Conditional Use Permit. No reasons were stated in the minutes of the meeting.

The Board of Aldermen met on February 11, 1994. It reviewed the recommendation from the Planning Commission, the drawing of the floor plan, complaints from two people at the meeting, and memos of three letters and two phone calls stating objections. The Board voted to accept the Planning Commission's recommendation to deny the Conditional Use Permit. No reasons for denial were stated in the minutes of the meeting.

Roberts filed a petition for Administrative review. He alleged the decision of the Board was not supported by competent and substantial evidence on the whole record, but was arbitrary and capricious. The city appeals from a judgment for Roberts based on findings supporting Robert's view.

### STANDARD OF REVIEW

"An appellate court sitting in review of an administrative agency reviews the findings and decision of the agency and not the judgment of the circuit court." *City of Cabool v. Mo. State Bd. of Mediation*, 689 S.W.2d 51, 53 (Mo. banc 1985).

### DISCUSSION

The city offers one point on appeal. It argues the court erroneously found denial of Robert's application was not supported by competent and substantial evidence on the whole record. It further argues the court placed the burden of proof on the Board and failed to look at evidence in a light most favorable to Board or to give it the benefit of reasonable inferences.

As a matter of policy, "the law favors the free and unrestricted use of property." *Weber v. Les Petite Academies*, 548 S.W.2d 847, 852 (Mo.App.1976); *Cheatham v. Melton*, 593 S.W.2d 900, 904 (Mo.App.1980). A denial of a Conditional Use Permit where the proposed use is not prohibited by zoning regulations is reviewable under Chapter 536.

"Under § 536.140.2 the inquiry may extend to a determination of whether

the action of the agency ... (3) is supported by competent and substantial evidence on the whole record ... [or] (6) Is arbitrary, capricious, or unreasonable." *West v. Director, Mo. Div. of Family Serv.*, 821 S.W.2d 873, 875 (Mo.App.1991). "In reviewing an administrative decision, the court may not infer findings from the ultimate decision." *Standard Oil Div. Etc. v. City of Florissant*, 607 S.W.2d 854, 855 (Mo.App.1980).

■ Here, the city's claim of error assumes support in the record for the Board's denial of Robert's application. However, the court found no such evidence. We find none. Warrenton's Ordinance Section 7030 sets four standards which must be considered before ruling on an application for a Conditional Use Permit. Developments and uses may be recommended if they meet all of the following requirements:

1. Are deemed consistent with good planning practice.

2. Can be operated in a manner that is not detrimental to the permitted developments and uses in the district.

3. Can be developed and operated in a manner that is visually compatible with the permitted uses in the surrounding area.

4. Are deemed essential or desirable to preserve and promote the public health, safety and general welfare of the city.

The Board made no adverse findings on planning, permitted developments, visual compatibility, or matters of health, safety and general welfare. Nor were there record facts to support adverse findings on the relevant issues.

The court did not err in finding the Board's denial is not supported by competent and substantial evidence on the whole record, but was in fact, arbitrary and capricious.

We affirm.

REINHARD, P.J., and WHITE, J., concur.