**Aaron BOLDMAN and Lori Boldman, Plaintiffs–Appellants,**

v.

**TANEY COUNTY COMMISSION, Taney County Planning Commission and Taney County Board of Adjustment, Defendants–Respondents.**

No. 26677.

Missouri Court of Appeals, Southern District, Division One.

Dec. 15, 2005.

---

2. All references to statutes are to RSMo 2000, unless otherwise specified.

Craig A. Smith, The Styron Law Firm, Ozark, for Appellant.

Robert R. Paulson, Forsyth, for Respondent.

PHILLIP R. GARRISON, Presiding Judge.

Aaron Boldman ("Boldman") and Lori Boldman (collectively referred to as "Plaintiffs") appeal a judgment entered by the Circuit Court of Taney County affirming the decision of the Taney County Board of Adjustments ("the Board"); which in turn had affirmed the Taney County Planning Commission's ("the Commission") denial of their request to use a portion of their property to conduct what they refer to as a "private boarding school" for boys.[1]

The Commission denied Plaintiffs' application by a vote of three to two. Plaintiffs sought review by the Board, and after a hearing on February 20, 2002, the Board voted unanimously to deny Plaintiffs appeal. Plaintiffs filed a three-count petition for judicial review with the circuit court.

In Count I, they sought a declaratory judgment that the exercise of zoning powers by the Commission were void because the Taney County Commission had not complied with Section 64.860,[2] which provides that in order to avail itself of zoning powers, the county commission shall request the planning commission to recommend the boundaries of the various original districts and appropriate regulations to be enforced in them. In Count II, they sought a writ of certiorari claiming that if the zoning activities were authorized by law, the Commission improperly denied their request for a Division III permit[3] by improperly placing the burden of proof on them, failing to consider a regulation of the Commission permitting the proposed use, and failing to make adverse findings of fact. They sought a writ vacating the Commission's denial of their request and the Board's decision to let it stand, and ordering the Board to issue the requested permit. In Count III, Plaintiffs claimed "Inverse Condemnation" in that the Board's decision was a violation of due process, for which the Board and Commission were liable under 42 U.S.C. § 1983, because either their proposed use was provided for in the zoning regulations or the Commission did not have the authority to act.

1. Throughout this opinion we use the phrase "boarding school" out of convenience, however, this is not to be taken as a decision on Plaintiffs' assertion in Point III, that their proposed property use constitutes a "school" as referenced under the Taney County Development Code.

2. All statutory references are to RSMo (2000) unless otherwise indicated. Likewise, all rule references are to Missouri Rules of Civil Procedure (2002) unless otherwise indicated.

3. According to the Taney County Development Code, a Division III Permit is "required for all developments that do not qualify for a Division I or II permit; generally this is for new major developments or land use changes...." We note that throughout the record, and in their brief to this court, Plaintiffs refer to this as a "special use permit." However, the application to the Planning Commission designated the permit sought as a Division III permit. Likewise, the circuit court referred to it as a Division III permit. As such, for the sake of clarity we will refer to it as a Division III permit in this opinion. According to the record a special use permit is included in permits authorized as a Division III permit.

Count I was voluntarily dismissed by Plaintiffs. On March 26, 2004, the trial court entered its judgment affirming the decision of the Board and finding against Plaintiffs on both Counts II and III. This appeal followed.

Plaintiffs raise three points on this appeal. In Point I, Plaintiffs allege that the Board acted arbitrarily and capriciously in denying their application for a Division III permit on the basis of "no new evidence." In Point II, Plaintiffs argue that the Board erred because the Commission lacked the statutory authority to deny the permit, asserting that the Commission had not promulgated the appropriate rules under the enabling statute, Section 64.860, necessary to exercise the zoning authority granted by the legislature. In Point III, Plaintiffs argue that the Board's ruling was arbitrary and capricious in that their proposed "school" was a compatible use in "rural residential" neighborhoods pursuant to the Taney County Development Code ("Development Code").

Points I and III both pertain to what were, essentially, factual determinations by the Board. Therefore, we review them together. We have not been provided with a verbatim transcript of any of the proceedings below. Rule 100.02(e) provides that the record on appeal "shall consist of: (A) a transcript of the testimony; (B) exhibits and relevant papers; (C) rulings, orders, decisions, findings of fact and conclusions of law issued by the agency." Plaintiffs have included the minutes of both the Board and the Commission's hearings regarding their proposed use of the property, which includes what appears to be a summary of the evidence presented to each. Therefore, we will assume, without deciding, that the record before us is adequate under Rule 100.02(e).

We review the decision of the Board, not the judgment of the circuit court. *Animal*

*Shelter League of Ozarks, Inc., v. Christian County Bd. of Adjustment,* 995 S.W.2d 533, 537 (Mo.App. S.D.1999). The scope of our review of the Board's decision is limited to a determination of whether the ruling is authorized by law and is supported by competent and substantial evidence upon the whole record. Mo. Const. art. V § 18; *Animal Shelter League of Ozarks,* 995 S.W.2d at 537. In determining whether there was substantial evidence supporting the Board's decision, we view the evidence in the light most favorable to the Board's decision. *Animal Shelter League of Ozarks,* 995 S.W.2d at 540. We will only disturb the Board's decision if it is clearly contrary to the overwhelming weight of the evidence. *State ex rel. Dotson v. County Com'n of Clay County,* 941 S.W.2d 589, 593 (Mo. App. W.D.1997). In short, we will not replace the judgment of the Board with that of our own. *Lorenz v. City of Florissant,* 787 S.W.2d 776, 777 (Mo.App. E.D. 1990).

█ In Point I, Plaintiffs argue that the Board erred in affirming the Commission's denial of the permit because the Board did not consider the evidence presented in reaching its decision. Plaintiffs argue that this is the natural conclusion to be drawn from the "unambiguous language" of the Board's final decision, which stated:

On February 20, 2002 the Taney County Board voted to deny an appeal request by [Plaintiffs] to develop an educational camp for young men, located at 1466 Blackwell Ferry Rd. The vote to deny the appeal was unanimous, based on the applicant presenting no new evidence to the Board.

We find Plaintiffs' point unpersuasive. The minutes from the February 20, 2002, Board meeting illustrate that the Board heard a substantial amount of evidence regarding Plaintiffs' proposed use of the

property. A staff report on the proposal was read to the Board, and Boldman and other witnesses, both for and against, testified. One witness pointed out that a petition of some 250 names in opposition to the boarding school was presented to the Commission. Furthermore, there was substantial testimony taken regarding concerns about the safety of the boarding school participants and the neighbors of the property. In addition there was testimony that Plaintiffs' proposed use was not compatible with the area, that the facility was not licensed by the State and that neighboring property values would decline. Based upon this evidence we see nothing that leads us to the conclusion that the Board did not consider the evidence placed before it. We give the Board's decision the benefit of all reasonable inferences. *Lorenz*, 787 S.W.2d at 777. Accordingly, Plaintiffs' Point I is denied.

■ In Point III, Plaintiffs observe that the Development Code permits "schools as a 'compatible use' in 'rural residential' neighborhoods," and they argue that the Board's decision was "arbitrary, capricious and unreasonable" because it erroneously found that their proposed use did not constitute a "school."

■ Plaintiffs have not provided a complete version of the Development Code in this case. We are not directed to any portion of the record filed here that includes a definition of "school" in the Development Code. As such we can not say that the Board erred in deciding that Plaintiffs' proposed use of the property was not a "school." "Arguments and statements which are not supported by the record on appeal supply no basis for appellate review." *Rice v. State, Dept. of Social Services*, 971 S.W.2d 840, 843 (Mo.App. E.D. 1998).

■ We do note that the minutes from the February 20, 2002, meeting of the Board relate that there was discussion as to whether Plaintiffs' proposed use of the property constituted a school. There were to be no more than ten young men attending the "camp" at any one time and Plaintiffs, along with two residential, paid interns, were to staff the camp. The young men were to bunk in "tent-like" structures. Boldman testified that the participants would receive high school diplomas or G.E.D.s, however, he also admitted that the camp was not a State approved school. While our characterization of this facility might include the word "school," that is not our judgment to make. "If evidence before an administrative body warrants either of two opposed findings" we are bound by the administrative decision. *Animal Shelter League of Ozarks*, 995 S.W.2d at 543. Point III is denied.

■ In Point II, Plaintiffs argue that the Board did not have the authority to deny their application for a Division III permit because the Commission did not adhere to Section 64.860 when it promulgated its zoning regulations. For reasons stated below, we do not reach the merits of this point.

Our review is limited to whether the Board's decision was supported by substantial and competent evidence and was authorized by law. *Id.* at 537. Plaintiffs' challenge to the authority of the Board is, in essence, a claim that its action was not authorized by law. However, Plaintiffs have not supplied this court with all of the applicable portions of the Development Code.

■■ A Plaintiff must file a record on appeal which contains "all of the record, proceedings, and evidence necessary for a determination of the questions presented to the appellate court." *Rice*, 971 S.W.2d at 843. Though not urged to do so in this case, we may not take judicial notice of ordinances. *Board of Educ. of City of St. Louis v. Daly*, 129 S.W.3d 405, 408 (Mo. App. E.D.2004). While Plaintiffs' have

supplied us with some portions of the Development Code, more would be needed to decide the issue raised in Point II.

Plaintiffs assert that the Commission, and consequently the Board, did not have the authority to exercise the zoning powers conferred by Section 64.860 because, they argue, the Commission did not comply with the requirements of that statute. Section 64.860 states in pertinent part:

> In order to avail itself of the zoning powers conferred by [S]ections 64.845 to 64.880 the county commission shall request the county planning commission to recommend the boundaries of the various original districts and appropriate regulations to be enforced therein.

Plaintiffs argue that neither adequate districts, nor regulations applying therein, were established. However, Plaintiffs cite no relevant authority in support of the proposition that Taney County's zoning is contrary to the statute. Rather, they rely upon *State ex rel. Sims v. Eckhardt,* 322 S.W.2d 903 (Mo.1959), and *City of Moline Acres v. Heidbreder,* 367 S.W.2d 568 (Mo. 1963). In *Sims,* the issue was whether the city was allowed to simply extend its existing zoning regulations into a newly annexed territory without complying with the procedures required by the enabling act. 322 S.W.2d at 907. In this case however, Plaintiffs claim that the substance of Taney County's original zoning regulations do not comply with Section 64.860. Therefore, *Sims* is not controlling here. In addition, *City of Moline Acres* pertained to one "single use" zone that encompassed the city, which Plaintiffs do not complain of in this case. 367 S.W.2d at 571. Regardless, the Supreme Court of Missouri has specifically rejected *City of Moline Acres,* as an unsound opinion because, after re-examination, it found "nothing ... to indicate a legislative intent that, under all circumstances, a municipality must provide for more than one use in its zoning ordinance." *McDermott v. Village of Calverton Park,* 454 S.W.2d 577, 581 (Mo. banc 1970).

Plaintiffs specifically argue that the Commission did not comply with Section 64.855, which provides in pertinent part:

> [T]he unincorporated territory may be divided into districts of such number, shape and area as may be deemed best suited to carry out the purpose of sections 64.845 to 64.880 ... All the regulations shall be uniform for each class or kind of buildings or land uses throughout each district, but the regulations in one district may differ from those in other districts. The regulations shall be made in accordance with a comprehensive zoning plan, and shall give reasonable consideration, among other things, to the then existing character of the districts, their suitability for particular uses, conservation of the value of buildings and of existing development, and encouragement of the most appropriate use of the land throughout the county.

As stated above, Plaintiffs have only provided a portion of the Development Code. Therefore we can not determine whether Taney County's land use regulations are uniform within each district, whether they have been made in accordance with a comprehensive zoning plan or whether they otherwise comply with Section 64.855. Accordingly, we can not review the County's zoning regulations for the deficiencies that Plaintiffs assert exist. Point II is denied.

We find sufficient evidence existed for the Board to affirm the decision of the Commission. Accordingly, the decision of the Board is affirmed.

PREWITT and RAHMEYER, JJ., concur.